(May 15, 1986)

■ In the Matter of the Arbitration between COMMERCIAL UNION INSURANCE COMPANIES, Respondent, and ALICE POUNCY, Appellant.—Judgment, Supreme Court, New York County (Grossman, J.), entered March 27, 1985, which permanently stayed respondent Alice Pouncy from proceeding to arbitration under the uninsured motorist provision in the policy issued by petitioner Commercial Union, unanimously reversed, on the law, the stay vacated and the matter remanded for arbitration forthwith, without costs.

Respondent-appellant Alice Pouncy (Pouncy) was injured on May 22, 1982 when the motor vehicle in which she was a passenger, and which was insured by petitioner Commercial Union Insurance Company (Commercial), collided with a 1970 Fiat automobile bearing a Connecticut license plate. While the police accident report covering the incident indicates that the Fiat was allegedly owned by Robert A. Torielli and operated by Ivans Jean, that part of the report concerning the Fiat which is entitled "Ins. Code" contains no information other than a stroke through the space.

Several unsuccessful attempts were made, on Pouncy's behalf, to obtain a definitive statement from the Department of Motor Vehicles in Connecticut as to the insurance status of the Fiat. In the meantime, however, since the indications were that the offending vehicle was not insured at the time of the accident, on May 13, 1983 a demand for arbitration was sent to petitioner Commercial under the uninsured motorist provi-

sions of its policy covering the automobile in which Pouncy was a passenger.

On June 15, 1983, Commercial moved to stay arbitration based upon a bare conclusory allegation that there was no proof that the Connecticut vehicle was, in fact, uninsured at the time of the accident. This wholly unsupported allegation was insufficient to create a triable issue and the motion for a stay should have been summarily denied by Special Term.

While a different standard may apply at the ultimate trial of a disputed issue which has properly been determined to exist, on the initial application for a stay of arbitration, the burden rests on the party seeking that stay, here petitioner Commercial, to show in the first instance the existence of sufficient evidentiary facts to establish a genuine preliminary issue in order to justify a stay. Mere conclusory allegations by the insurer, such as were here submitted, are insufficient to properly tender such issue. (See, Superintendent of Ins. v Lilley, 100 AD2d 807; Matter of Len [Lumbermens Mut. Cas. Co.], 80 AD2d 682; Matter of Kuhn [MVAIC], 31 AD2d 707; Matter of Travelers Ins. Co. v Lombardo, 30 AD2d 1047.) In directing a trial on the issue of whether the offending vehicle was uninsured, Special Term (Blyn, J.) erroneously disregarded petitioner's failure to meet its threshold burden of demonstrating some basis for its unsupported conclusory assertion that such fact might not exist and, instead, apparently construed some alternative ambiguous language in the answering affidavits as a concession that a hearing was warranted.

Were we not reversing on the aforenoted ground, we would, in any event, reverse and remand for a new trial by reason of the trial court's erroneous rulings, including its refusal to permit the admission into evidence of the SR-11F "Order of Revocation of Non-Resident Motor Vehicle Privileges" of the driver Jean. Such evidence of revocation has been held to be sufficient, in the absence of proof to the contrary, to establish that the vehicle which allegedly caused the accident out of which the claim arose was uninsured at the time of the accident. (See, Matter of Cosmopolitan Mut. Ins. Co. [Hughes], 63 AD2d 874; Zelanka v MVAIC, 32 AD2d 847; Matter of Foster [MVAIC], 55 Misc 2d 784.) Concur. Murphy, P. J., Sullivan, Ross, Kassal and Ellerin, JJ.