■ In the Matter of COLONIAL PENN INSURANCE COMPANY, Appellant, v KEITH CARTER, Respondent. RICHARD J. SAVARESE et al., Proposed Respondents.—In a proceeding pursuant to CPLR 7503 to stay the arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated April 5, 1989, which, upon granting reargument, adhered to its prior determination dismissing the proceeding.

Ordered that the order is affirmed, with costs to the respondent Carter.

On October 12, 1987, a vehicle owned by Joann Carter and operated by the respondent Keith Carter collided with another vehicle at the intersection of Ralph Avenue and Atlantic Avenue in Brooklyn. The police accident report indicated that the second vehicle left the scene of the accident.

On or about October 14, 1988, a demand for arbitration was served upon the petitioner Colonial Penn Insurance Company (hereinafter Colonial Penn) pursuant to the uninsured motorist provisions of its policy covering the automobile operated by Keith Carter. By notice of petition dated October 28, 1988, Colonial Penn moved to stay arbitration. Apparently, Colonial Penn mistakenly read the license plate number of the second vehicle, as indicated in the police accident report, to be APU 757 rather than APV 757. The Department of Motor Vehicles "Registration Plate Record" revealed that license plate number APU 757 was registered to Richard Savarese and insured by the Government Employees Insurance Company (hereinafter GEICO). Thus, Colonial Penn sought leave to add Savarese and GEICO as party respondents in this proceeding.

In opposition to the application for a stay of arbitration, Carter demonstrated that the license plate number of the second vehicle, as indicated in the police accident report, was in fact APV 757. He submitted a Department of Motor Vehicles "Registration Plate Record" which revealed that license plate number APV 757 was registered to Marjorie Flannery. The "Registration Plate Record" further revealed that as of May 2, 1988, the proof of insurance, indicating Metropolitan General Insurance Company (hereinafter Metropolitan) as the insurer of the registered vehicle, was invalid. Carter also

submitted a "Negative Certificate" issued by the Department of Motor Vehicles certifying that no registration for license plate number APV 757 was issued to Marjorie Flannery effective on the date of the accident.

In response, Colonial Penn sought leave to add Flannery and Metropolitan as party respondents to the proceeding. It offered no proof of insurance on the Flannery vehicle.

We find that Colonial Penn failed to meet its burden of demonstrating in the first instance evidentiary facts sufficient to create a triable issue of whether the offending vehicle was insured (see, e.g., Matter of Princeton Rayon Corp. [Gayley Mill Corp.], 309 NY 13; Matter of Commercial Union Ins. Cos. [Pouncy], 120 AD2d 382; Matter of Wausau Ins. Co. v Predestin, 114 AD2d 900). Accordingly, the Supreme Court properly summarily denied the application for a stay of arbitration. Contrary to Colonial Penn's assertions, the burden of proving that the offending vehicle was never insured, or that the insurance was properly canceled, did not shift to the claimant inasmuch as a prima facie case that the offending vehicle was insured was not made out (see, Matter of Wausau Ins. Co. v Predestin, supra, at 902). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.