■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v JAMIE ROMAN, Respondent.—In a proceeding, inter alia, to stay arbitration of an uninsured motorist claim, the petitioner appeals from (1) an order of the Supreme Court, Kings County (Golden, J.), dated April 10, 1989, which denied the petition, and (2) an order of the same court, dated June 8, 1989, which, upon reargument and renewal, adhered to its original determination.

Ordered that the appeal from the order dated April 10, 1989, is dismissed, as that order was superseded by the order dated June 8, 1989; and it is further,

Ordered that the order dated June 8, 1989, is reversed, on the law, the order dated April 10, 1989, is vacated, the petition is granted to the extent of directing a hearing thereon and joining American Transit Insurance Company as a party to the proceeding; and the matter is remitted to the Supreme

Court, Kings County, for further proceedings consistent herewith; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The petitioner met its burden of establishing the existence of evidentiary facts sufficient to create a triable issue as to whether the offending vehicle was insured *(see, Matter of Colonial Penn Ins. Co. v Carter,* 157 AD2d 839; *Matter of Commercial Union Ins. Cos. [Pouncy],* 120 AD2d 382). A form provided by the State Department of Motor Vehicles indicated that the offending vehicle was covered at the time of the accident by an insurance policy issued by American Transit Insurance Company. The submission of a copy of a purported letter of disclaimer from American Transit to its insured merely created a factual issue as to the validity of the disclaimer which should be explored at a hearing *(see, National Grange Mut. Ins. Co. v Diaz,* 111 AD2d 700). Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.