Matter of Progressive Specialty Ins. Co. v Guzmarino (2019 NY Slip Op 01525)





Matter of Progressive Specialty Ins. Co. v Guzmarino


2019 NY Slip Op 01525


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Tom, Moulton, JJ.


8585N 656333/16

[*1] In re Progressive Specialty Insurance Company, Petitioner-Appellant,
v
Paul Guzmarino, Respondent-Respondent.


Law Offices of Jennifer S. Adams, Yonkers (Michael A. Zarkower of counsel), for appellant.
Hill & Moin, LLP, New York (Cheryl R. Eisberg Moin of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered May 29, 2018, which denied the petition to permanently stay an uninsured motorist arbitration commenced by respondent, and directed the parties to proceed to arbitration of respondent's claim, unanimously affirmed, without costs.
Respondent was hit by an unidentified motor vehicle while he was bicycling on a bike path. Following his demand for uninsured motorist arbitration, petitioner commenced this CPLR article 75 proceeding to stay the arbitration. Petitioner alleged that respondent had failed to establish physical contact with an unidentified vehicle as required by the policy, and that he failed to notify the police within 24 hours of the event or as soon as was reasonably possible.
On the initial application for a stay of arbitration, the burden rests on the party seeking the stay to establish the existence of evidentiary facts, sufficient to conclude that there is a genuine preliminary issue (see Matter of Hereford Ins. Co. v Vazquez, 158 AD3d 470, 471 [1st Dept 2018]; Matter of Commercial Union Ins. Cos. [Pouncy], 120 AD2d 382, 383 [1st Dept 1986]). Here, petitioner failed to meet its burden because its submissions consisted of mere conclusory allegations (see Matter of Commercial Unit Ins. Cos. [Pouncy], 120 AD2d at 383).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK