■ GOLD MILLS, INC., Appellant, v PLEASURE SPORTS, INC., Respondent. — Order, Supreme Court, New York County (Albert P. Williams, J.), entered May 26, 1981, granting the motion of Pleasure Sports, Inc., to stay arbitration only to the extent of directing a trial "to resolve the threshold question of whether the parties had a valid contract in existence at the time the dispute arose", unanimously reversed, on the law, the motion to stay arbitration is denied and the petition dismissed, with costs. On or about June 16, 1980, Pleasure Sports, Inc. (Pleasure), a sportswear manufacturer, forwarded a purchase order to Gold Mills, Inc. (Gold), a fabric mill, ordering certain quantities and colors of fabrics. On or about the same date, Gold forwarded to Pleasure its form contracts to cover. Gold subsequently delivered the fabric and Pleasure refused to accept delivery. It is undisputed that neither party signed the instrument forwarded by the other. However, the parties had

engaged in a prior course of dealing in which Pleasure signed Gold's contracts. Those contracts contained a broad arbitration clause, as follows: "Any controversy arising out of or relating to this contract or any modification or extension thereof, including any claim for damages and/or rescission, shall be settled by arbitration before a panel of three arbitrators in New York City (or, if applicable law requires some other place, then such other place) in accordance with the rules then obtaining of the American Arbitration Association or the General Arbitration Council of the Textile Industry as the party instituting arbitration proceedings shall elect." Gold served a demand for arbitration dated September 11, 1980 by certified mail, return receipt requested. The receipt is stamped September 22, 1980. The demand contained the requisite statutory notice addressed to Pleasure as follows: "PLEASE TAKE FURTHER NOTICE that pursuant to CPLR § 7503(c), unless within twenty days after service of this Demand for Arbitration you apply to stay this arbitration, you shall thereafter be precluded from objecting that a valid agreement was not made or has been complied with and from asserting in court the bar of a limitation of time." Pleasure moved to stay arbitration by order to show cause in January, 1981, over three months later, with a return date of February 9, 1981. It alleged there could be no agreement between the parties mandating arbitration, because there was no contract between them. It relied on the fact that the Pleasure purchase order called for a delivery date of July 15 and the Gold contracts called for delivery dates between July 18 through July 25, 1980. Gold opposed the application upon the ground that the motion to stay arbitration was untimely. On the merits, Gold contended there was no basis for a stay since the parties, in their prior course of business dealings together, had repeatedly agreed to arbitration of their disputes evidenced by the Pleasure signature on Gold contracts containing an arbitration clause. Special Term granted a stay of arbitration pending resolution of the threshold question whether the parties had a valid contract at the time the dispute arose. CPLR 7503 (subd [c]) provides, in pertinent part: "An application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, or he shall be so precluded." This statutory time period is to be strictly construed (*Aetna Life & Cas. Co. v Stekardis,* 34 NY2d 182, 194; *Matter of Spychalski [Continental Ins. Cos.],* 58 AD2d 193, 195, affd 45 NY2d 847; *Matter of Jonathan Logan, Inc. [Stillwater Worsted Mills],* 31 AD2d 208, affd 24 NY2d 898). By reason of the failure to serve timely the application to stay arbitration, the court was without jurisdiction to entertain the application to stay arbitration or to direct a trial. This is not a case involving a stranger to a contract who would not be expected to anticipate involvement in arbitration simply because he allowed 20 days to lapse after the receipt of a notice to arbitrate, as in *Glasser v Price* (35 AD2d 98). There was an ongoing relationship between the parties, in which arbitration was the norm. (See *Michel & Co. v Anabasis Trade,* 50 NY2d 951.) Concur — Kupferman, J. P., Birns, Ross, Silverman and Fein, JJ.