OPINION OF THE COURT
 

 Per Curiam.
 

 The requirement of "physical contact” in the definition of "hit-and-run automobile” contained in the uniform uninsured motorist indorsement is a matter of coverage, not exclusion from coverage.
 

 Respondents, Marjorie Hobson and Vivian Belasco, were in an automobile accident involving an unidentified driver, who made an illegal turn in front of their car. In attempting to avoid a collision, respondents spun out of control and collided with another vehicle which was in turn struck by yet another car. The unidentified vehicle sped away. Respondents filed notices of intention to make claim and demands for arbitration under the uninsured motorist indorsement to the insurance policy of respondent Hobson, the driver. The indorsement, in providing coverage for injury resulting from an accident with a "hit-and-run automobile,” defined such a vehicle as "an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident”. Respondents stipulated that there was no physical contact with the unidentified vehicle.
 

 Petitioner insurer issued no disclaimer of liability or denial of coverage
 
 (see,
 
 Insurance Law § 3420 [d] [formerly § 167 (8)]), but instead instituted a special proceeding to stay arbitration on the ground that there was no coverage because there was no physical contact between the two vehicles in the accident. Special Term dismissed the petition and directed the parties to proceed to arbitration, concluding that the requirement of physical contact was an exclusion rather than a matter of coverage. The Appellate Division reversed and granted the
 
 *21
 
 petition, on the ground that coverage does not exist in the absence of physical contact, and the insurer’s failure to disclaim cannot itself create coverage.
 

 The conclusion that physical contact goes to coverage, rather than exclusion, is supported by the contract, the Insurance Law and case law. A "hit-and-run automobile” by definition exists only when there is the specified physical contact. This definition appears in the "Insuring Agreements” section of the indorsement rather than "Exclusions,” and is taken from former section 167 of the Insurance Law (since substantially reenacted as § 3420 [¶] [3]), which requires physical contact with a hit-and-run automobile before various protections of that section apply to any cause of action by an insured. No coverage exists in the absence of the required contact
 
 (see, Matter of Smith [Greater Am. Ins. Co.],
 
 29 NY2d 116, 122 [Fuld, Ch. J., concurring];
 
 MVAIC v Eisenberg,
 
 18 NY2d 1, 4). There being no coverage here, the Appellate Division correctly concluded that arbitration should be stayed even in the absence of a disclaimer
 
 (see, Zappone v Home Ins. Co.,
 
 55 NY2d 131).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in Per Curiam opinion.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs.