■ In the Matter of AETNA CASUALTY AND SURETY COMPANY, Respondent, v MARIA BOIANO, Appellant. [606 NYS2d 1002] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of an uninsured motorist claim, the appeal is from

a judgment of the Supreme Court, Nassau County (O'Brien, J.), dated September 16, 1991, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing, for joinder of Government Employees Insurance Company as a necessary party, and for further proceedings in accordance herewith.

The documents submitted by the parties created a factual issue as to whether the offending vehicle was covered by liability insurance issued by Government Employees Insurance Company (hereinafter GEICO) on the date of the accident. It was therefore, improper for the Supreme Court to determine that the vehicle was insured without a hearing, and without joining GEICO as a necessary party (see, Matter of Eveready Ins. Co. v Roman, 166 AD2d 530). Since the Supreme Court did not address the allegation that the appellant failed to provide it with notice of her claim within 90 days after the loss and since we are unable to resolve this issue based on the record before us, this matter also should be addressed at the hearing. Mangano, P. J., Rosenblatt, Lawrence and Joy, JJ., concur.