■ In the Matter of EAGLE INSURANCE COMPANY, Appellant, v MAROOF SADIQ, Respondent. [655 NYS2d 601] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal, as limited by the petitioner's brief, is from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), dated March 26, 1996, as, upon renewal and reargument, adhered to the original determination in an order dated February 6, 1996, denying the petitioner's application for a permanent stay of arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon reargument, the order dated February 6, 1996, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for (1) a hearing to determine whether the subject vehicle was insured, (2) joinder of Allstate Insurance Company as a necessary party, and (3) a de novo determination of the petition.

The petitioner established a prima facie case as to the existence of insurance coverage for the subject vehicle by producing the police accident report which contained the offending vehicle's insurance code designation *(see, Matter of Centennial Ins. Co. v Capehart,* 220 AD2d 499; *Matter of Wausau Ins. Co. v Ramos,* 151 AD2d 487). The proof submitted by the respondent, a letter from the Claim Department of Allstate Insurance Company, the offending vehicle's alleged carrier, stating in

conclusory fashion that it did not insure the offending vehicle, was insufficient to overcome the prima facie case presented by the petitioner *(see, Matter of Allstate Ins. Co. v Rivera,* 148 AD2d 393; *Matter of Liberty Mut. Ins. Co. v Horowitz,* 121 AD2d 634, 635; *Matter of State Wide Ins. Co. v Libecci,* 104 AD2d 893). It was, therefore, improper for the Supreme Court to determine that the vehicle was uninsured without a hearing, and without joining Allstate Insurance Company as a necessary party *(see, Matter of Aetna Cas. & Sur. Co. v Boiano,* 199 AD2d 314). Rosenblatt, J. P., Copertino, Krausman and Florio, JJ., concur.