■ In the Matter of STATE FARM MUTUAL INSURANCE COMPANY, Appellant, v DEBRA VAZQUEZ, Respondent. [670 NYS2d 901] —In a proceeding pursuant to CPLR article 75, *inter alia*, to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated April 1, 1997, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and arbitration is stayed pending an evidentiary hearing on the issue of whether the alleged offending vehicle was insured on the date of the subject accident, and for that purpose, Amex Assurance Company and Robert D. Couch are joined as party respondents.

In April 1995, the respondent, Debra Vazquez, was injured when she was struck by a vehicle operated by Leslie Williams and registered to Robert D. Couch (hereinafter the offending vehicle). The Department of Motor Vehicles "Registration Record Expansion" listed Amex Assurance Company (hereinafter Amex) as the insurer of the offending vehicle.

Sometime prior to October 21, 1995, after Amex denied her claim for benefits, Vazquez filed a claim for uninsured motorist benefits with the petitioner State Farm Mutual Insurance Company (hereinafter State Farm). State Farm denied the claim in April 1996, leading Vazquez to demand arbitration of her claim. Thereafter, State Farm commenced the instant proceeding pursuant to CPLR article 75, *inter alia*, to stay arbitration of her claim on the ground that the offending vehicle was insured by Amex on the date of the subject accident. Vazquez opposed the petition on the ground that State Farm had not timely disclaimed liability. The Supreme Court denied the petition and dismissed the proceeding because State Farm's disclaimer was untimely. We reverse.

Although an insurer will be estopped from disclaiming coverage based on an exclusion in a policy where it has delayed unreasonably in issuing its disclaimer (*see, Matter of Allstate Ins. Co. v Ferrone*, 232 AD2d 479; *Hanover Ins. Co. v Suffolk Overhead Door Co.*, 207 AD2d 428, 430), an insurer has no obligation to timely disclaim in those situations in which coverage does not exist (*see, Zappone v Home Ins. Co.*, 55 NY2d 131, 138; *Presbyterian Hosp. v Aetna Life & Cas. Co.*, 222 AD2d 492, 493). In the instant case, State Farm is correct that it was not required to timely disclaim coverage under the particular facts of this case. "The uninsured motorist coverage of the [State Farm] policy does not attach unless and until it has been established that there was no insurance coverage on the

[offending] vehicle on the date of the accident" (*Matter of Aetna Cas. & Sur. Co. [Mari]*, 102 AD2d 772, 774). Therefore, State Farm was not required to disclaim coverage (*see, Matter of Prudential Prop. & Cas. Ins. Co. v Hobson*, 67 NY2d 19, 20).

Consequently, the matter is remitted to the Supreme Court, Nassau County, to conduct an evidentiary hearing on the issue of whether the offending vehicle was insured by Amex on the date of the subject accident (*see, Matter of Aetna Cas. & Sur. Co. [Mari], supra*). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.