■ In the Matter of NATIONWIDE INSURANCE COMPANY, Appellant, v ERIKA SILLMAN, Respondent. STATE FARM INSURANCE COMPANY et al., Additional Proposed Respondents. [699 NYS2d 98] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals (1) from a judgment of the Supreme Court, Nassau County (Feuerstein, J.), dated February 11, 1999, which, upon denying the petition, dismissed the proceeding, and (2), as limited by its brief, from so much of an order of the same court (Dunne, J.), dated April 21, 1999, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order made upon reargument; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, upon reargument, the judgment is vacated, the petition is reinstated, and arbitration is stayed pending an evidentiary hearing on the issue of whether the offending vehicle was insured on the date of the subject accident, and for that purpose, State Farm Insurance Company, Philip Capobianco, Concetta Rizzo, Paul Chapman, and Paul's Automotive are joined as party respondents; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The Supreme Court erred in denying the petition on the ground that the petitioner failed to timely disclaim coverage.

Although an insurer will be estopped from disclaiming coverage based on an exclusion in a policy where it has delayed unreasonably in issuing its disclaimer, an insurer has no obligation to timely disclaim in those situations in which coverage does not exist (*see, Matter of State Farm Mut. Ins. Co. v Vazquez,* 249 AD2d 312). In the instant case, the petitioner was not required to timely disclaim as the uninsured motorist coverage of the petitioner's policy would not attach unless and until it is established that the offending vehicle was uninsured on the date of the accident (*see, Matter of State Farm Mut. Ins. Co. v Vazquez, supra; Matter of Aetna Cas. & Sur. Co. [Mari],* 102 AD2d 772, 774).

In addition, the petitioner's production of a police accident report which contains the offending vehicle's insurance code designation established a prima facie case with respect to the existence of insurance coverage (*see, Matter of Eagle Ins. Co. v Sadiq,* 237 AD2d 605). The letter proffered by the respondents concerning the purported disclaimer of coverage by State Farm Insurance Company merely raised a triable issue as to whether the disclaimer was proper (*see, Matter of Lumbermens Mut. Cas. Co. v Beliard,* 256 AD2d 579). Consequently, the matter is remitted to the Supreme Court, Nassau County, to conduct an evidentiary hearing on the issue of whether the offending vehicle was insured by State Farm Insurance Company on the date of the subject accident. Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.