■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v DALTON CAMPBELL, Respon-

dent, and STATEWIDE INSURANCE COMPANY et al., Proposed Additional Respondents. [701 NYS2d 654] —In a proceeding pursuant to CPLR article 75, *inter alia*, to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated October 20, 1998, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and arbitration is stayed pending an evidentiary hearing in accordance herewith, and for that purpose, Statewide Insurance Co., Margaret Cairns, Donald Freidly, and American Home Assurance Corp. are joined as party respondents.

The Supreme Court erred in holding that the petitioner State Farm Mutual Insurance Company (hereinafter State Farm), was not entitled to a stay of arbitration because it had failed to timely disclaim coverage. Where, as here, it had not yet been established that the offending vehicle was uninsured at the time of the subject accident, the uninsured motorist coverage does not attach and State Farm was under no obligation to timely disclaim (*see, Matter of State Farm Mut. Ins. Co. v Vazquez,* 249 AD2d 312). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for an evidentiary hearing on the issues of whether the vehicles identified as having caused the accident were actually involved in the accident and whether the alleged offending vehicle was insured on the date of the subject accident. Santucci, J. P., Joy, Goldstein and Feuerstein, JJ., concur.