■ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v AMBROISE PAILLANT, Respondent. ROXANNE J. CUMMINGS et al., Proposed Additional Respondents; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Proposed Additional Appellant. [702 NYS2d 883] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of an uninsured motorist claim, State Farm Mutual Automobile Insurance Company appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated January 7, 1999, which granted the petition and deemed it to have insured a vehicle owned by Roxanne J. Cummings.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the matter is remitted to the Supreme Court, Kings County, for the joinder of State Farm Mutual Automobile Insurance Company, Roxanne J. Cummings, and Leonard Roy Griffith as necessary parties, and a new determination of the petition in accordance herewith.

The documents submitted by the parties raised issues of fact as to whether the offending vehicle was uninsured within the meaning of the policy issued by the petitioner New York Central Mutual Fire Insurance Company to the respondent Ambroise Paillant, and whether the alleged insurer of the offending vehicle, State Farm Mutual Automobile Insurance Company (hereinafter State Farm), had properly disclaimed coverage (*see, Matter of Nationwide Ins. Co. v Sillman,* 266 AD2d 551; *Matter of Lumbermens Mut. Cas. Co. v Beliard,* 256 AD2d 579). Therefore, it was improper for the Supreme Court to determine that the offending vehicle was insured without the joinder of State Farm and the additional proposed respondents and, if necessary, a hearing (*see, Matter of Nationwide Ins. Co. v Sillman, supra; Matter of State Farm Mut. Ins. Co. v Vazquez,* 249 AD2d 312; *Matter of Eagle Ins. Co. v Sadiq,* 237 AD2d 605; *Matter of Aetna Cas. & Sur. Co. v Boiano,* 199 AD2d 314). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.