OPINION OF THE COURT
Zelda Jonas, J.
On October 25, 2000, respondent allegedly sustained injury in a three-vehicle accident at the intersection of Henry Street and Albermarle Avenue, Hempstead, New York. At the time of the accident, Mr. Devone was a passenger in a vehicle operated by Frank Poulard, which was traveling southbound on Henry Street when it was struck by a “hit-and-run vehicle” traveling in the same direction. As a result of the impact, the Poulard vehicle was propelled head on into a vehicle traveling northbound on Henry Street operated by Elta Neptune. On June 19, 2001, respondent served a notice of intention to arbitrate an uninsured motorist claim on petitioner by certified mail, return receipt requested. It is conceded that respondent’s insurance policy contains an uninsured motorist indorsement.
Petitioner seeks to permanently stay arbitration pursuant to CPLR 7503 (b) on the grounds that respondent’s request for uninsured motorist benefits is improper given that both the Poulard vehicle, in which respondent was a passenger, and the Neptune vehicle were, in fact, insured and that there was no actual physical contact between the insured vehicle in which respondent was a passenger and the alleged hit-and-run vehicle. In the alternative, petitioner seeks a temporary stay pending a framed issue hearing on the issues of coverage and adding additional respondents as parties to the hearing.
The time within which any insurer must move to stay arbitration is set forth in CPLR 7503 (c) which provides, in *607 pertinent part, that “[a]n application to stay arbitration must be made by the party served [with a demand for arbitration or a notice of intention to arbitrate] within twenty days after service upon him of the notice or demand, or he shall be so precluded.”
The 20-day period provided in CPLR 7503 (c) is computed from the time the demand for arbitration is received not from the time it is mailed, and the day on which the demand is received is not included in the 20-day calculation. The petition to stay arbitration must be mailed within the subject 20-day period (Matter of Knickerbocker Ins. Co. [Gilbert], 28 NY2d 57, 60). Failure to move to stay arbitration within this time period is a bar to judicial intrusion into arbitration proceedings (Matter of Metropolitan Prop. & Liab. Ins. Co. v Hancock, 183 AD2d 831, 832).
It appears from the record that the notice of intention to arbitrate was mailed at the United States Post Office in Rock-ville Centre on June 19, 2001 and received by petitioner on June 20, 2001. Petitioner claims to have received the subject notice on June 22, 2001; however its reply papers do not address the timeliness issue raised by respondent.
Inasmuch as the instant petition was received by the County Clerk’s office on July 11, 2001 and was served on respondent’s attorney by certified mail on July 12, 2001, it would ordinarily be time barred since the filing of the application 21 days after petitioner’s receipt of the demand is untimely (Matter of State Farm Mut. Auto. Ins. Co. [Rickard], 250 AD2d 896, 898).
Failure to make application for a stay of arbitration within the 20-day period usually requires denial of the application as untimely (Matter of Allcity Ins. Co. v Vitucci, 151 AD2d 430, affd 74 NY2d 879; Matter of Allstate Ins. Co. v Orsini, 142 Misc 2d 25). The statutory 20-day period is construed as a strict statute of limitations (Gold Mills v Pleasure Sports, 85 AD2d 527, 528). The lateness of even one day will result in a complete forfeiture of the insurer’s right to contest compliance with an arbitration agreement or to challenge the failure to fulfill a condition precedent to arbitration (Matter of City of New York v Collins, 126 Misc 2d 377, 378, disagreed with on other grounds by State Farm Mut. Auto. Ins. Co. v Amato, 129 AD2d 221). However, as a recognized exception to this rule, a motion to stay arbitration may be untimely maintained when it is based on the ground that the parties never agreed to arbitrate (Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264, 267).
*608 This court must now determine if the exception to the 20-day rule delineated in Matarasso should apply equally to situations where, although the uninsured motorist provision in the policy contains an agreement to arbitrate (unlike Matarasso), the insured does not come within the ambit of the policy itself. Simply put, there is no uninsured motorist coverage if there is no uninsured motorist involved in the accident, and therefore the insurer’s responsibility to give timely notice of stay of arbitration does not attach. Although there is no specific case law in support of such a proposition, the policy considerations delineated by the Court of Appeals and the Appellate Division, Second Department, involving insurers’ requirement to give timely notice of disclaiming coverage under a policy pursuant to Insurance Law § 3420 (d) is analogous and instructive on the issue. Insurance Law § 3420 (d) provides that: “If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.”
In Zappone v Home Ins. Co. (55 NY2d 131), an insurer’s failure to timely disclaim coverage pursuant to former Insurance Law § 167 (which has been superseded by Insurance Law § 3420 [d]), did not preclude insurer from later denying liability on the ground that the insurance agreement itself does not cover the particular automobile involved in the accident. The Court of Appeals contrasted the situation where a denial of liability by the insurer is based upon a policy exclusion and a breach of a policy condition, which would require the insurer to make a timely notice of disclaimer, as distinguished from a situation where an insurer claims no contractual relationship with respect to the subject vehicle and incident (Zappone, at 136-137). The Court concluded that the Legislature did not intend to require notice under Insurance Law § 3420 (d) when there never was any insurance in effect and intended to cover only situations in which a policy of insurance would otherwise cover the particular accident but is claimed not to cover it because of an exclusion in the policy (Zappone, at 138). The Court was concerned with burdening insurers with uncovered claims, which rationale was logically extended by the Court in Central Gen. Hosp. v Chubb Group of Ins. Cos. (90 NY2d 195) to apply to no-fault matters under Insurance Law § 5106 (a) as they pertain to threshold coverage matters.
*609 There are a series of cases involving uninsured motorist coverage emanating from the Appellate Division, Second Department, that stand for the proposition that although an insurer will be estopped from disclaiming coverage based upon an exclusion in a policy where it has delayed unreasonably in issuing its disclaimer, an insurer is not required to timely disclaim coverage in those situations where coverage does not exist (Matter of Nationwide Ins. Co. v Sillman, 266 AD2d 551; Matter of State Farm Mut. Ins. Co. v Vazquez, 249 AD2d 312; Matter of Eagle Ins. Co. v Sadiq, 237 AD2d 605). The uninsured motorist indorsement of an insurance policy does not attach unless and until it has been established that there was no insurance coverage by the offending vehicle on the date of the accident. Where there is an issue as to whether the offending vehicle involved in the automobile accident was insured on the date of the accident, which if insured would defeat any claim under the uninsured motorist indorsement of the insurance policy, the insurer does not have to timely disclaim coverage, and an evidentiary hearing is necessary (Matter of Nationwide Ins. Co. v Sillman, supra; Matter of State Farm Mut. Ins. Co. v Vazquez, supra; Matter of Eagle Ins. Co. v Sadiq, supra).
It stands to reason that if no coverage exists for the claimant under the uninsured motorist provision of the insurance policy, then the insurer should not be precluded from raising that defense when a claimant has served notice of arbitration under the policy even though a statutory time limitation for permanently staying arbitration has expired under CPLR 7503 (c). The policy consideration mirrors that for cases involving disclaimers of coverage, namely the burdening of insurers with paying for uncovered claims. Furthermore, it is instructive that the Appellate Division, Second Department, held in Matter of Glens Falls Ins. Co. v Smith (221 AD2d 529, 530) that a petition to stay arbitration provided a sufficient and timely notice of disclaimer for underinsured benefits. The court ruling is tantamount to a finding that the petition to stay arbitration is the functional equivalent of a claim of disclaimer from coverage. Therefore, this court finds that where there is an issue of fact regarding the existence of insurance coverage for an offending vehicle at the time of the accident, the insurer is not barred from petitioning the court to temporarily stay arbitration beyond the 20-day statutory period pursuant to CPLR 7503 (c) pending an evidentiary hearing.
Pursuant to Insurance Law § 3420 (f) (1), the respondent is entitled to arbitration under the uninsured motorist indorse *610 ment of the insurance policy for the hit-and-run vehicle that remains unknown. There is no evidence proffered by petitioner that the unknown vehicle had insurance. But petitioner has raised issues of fact regarding the insurance coverage of the other vehicles involved in the multiple car accident. Petitioner has moved to add additional respondents to a “framed issue hearing” which this court will permit in order for there to be a determination as to whether the other vehicles in question are uninsured and should be a part of the arbitration proceeding. In order to avoid any future litigation, the court will temporarily stay arbitration until an evidentiary hearing has been held before a justice, judicial hearing officer, or court referee designated by the justice presiding in the calendar control part. Petitioner is directed to file a note of issue within 30 days from the date of entry of this order, and this matter shall appear on the calendar of the calendar control part of December 12, 2001 at 9:30 a.m. Failure to timely file a note of issue will result in setting aside the temporary stay of arbitration.
Petitioner’s application for a permanent stay based upon the issue raised for the first time in his reply papers that there was no physical contact between the hit-and-run vehicle and the Poulard vehicle raises an interesting conundrum.
The Court of Appeals decision of Matter of Prudential Prop. & Cas. Ins. Co. v Hobson (67 NY2d 19) issued in 1986 has created an apparent anomaly. The Court held that in a no-fault hit-and-run automobile policy, the issue of physical contact goes to the existence of coverage, rather than exclusion, stating that no coverage exists in the absence of the required contact. The Court reasoned that a “hit-and-run automobile” by definition exists only when there is a specified physical contact. This definition taken from former Insurance Law § 167 appears in the “Insuring Agreements” section of the indorsement of the insurance policy in question and not the “Exclusions” part of the policy. Therefore, the Court concluded that there being no physical contact, there is no coverage, and arbitration under the uninsured motorist indorsement should be stayed even in the absence of a timely disclaimer.
The genre of cases from the Appellate Division, Second Department, subsequent to the Court of Appeals decision has held to the contrary. The Second Department has never distinguished its obvious departure from the Court of Appeals decision Matter of Prudential Prop, (supra). The Second Department has consistently and repeatedly held that the “no physical contact issue” does not raise the question of the exis *611 tence of insurance coverage but rather the issue of physical contact pertains to whether a condition precedent has been met in order for a claimant to recover under the uninsured motorist provision of the insurance policy. The distinction is an important one since the time limitation for applying for a stay of arbitration would be inapplicable if the issue of no physical contact pertained to the existence of the insurance coverage rather than exclusion from coverage. The Appellate Division, Second Department, has clearly stated that the issue of physical contact with the uninsured vehicle relates to whether certain conditions of coverage were satisfied. Therefore, the insurer who moves to stay arbitration based upon the issue of “no physical contact” must bring the application within the 20-day limitation period set forth in CPLR 7503 (c) or is precluded from making the application (Matter of Merchants Mut. Ins. Co. v Anemone, 271 AD2d 690; Matter of DelGaudio v Aetna Ins. Co., 262 AD2d 641; Matter of CNA Ins. Co. v Carsley, 243 AD2d 474).
It is axiomatic that an insured person that has an uninsured motorist indorsement in the automobile policy is entitled to recover under that policy for an unidentified motor vehicle which leaves the scene of an accident (Insurance Law § 3420 [f| [1]). Coverage will be excluded if there is no physical contact as defined under the “Hit-and-Run causes of action” statutory provision contained in Insurance Law § 5217 which provides as follows: “The protection provided by this article shall not apply to any cause of action by a qualified person arising out of a motor vehicle accident occurring in this state against a person whose identity is unascertainable, unless the bodily injury to the qualified person arose out of physical contact of the motor vehicle causing the injury with the qualified person or with a motor vehicle which the qualified person was occupying (meaning in or upon or entering into or alighting from) at the time of the accident.”
If the definition of “Hit and Run” is to be construed according to its plain meaning, the physical contact requirement appears to be a condition precedent to coverage for a “qualified person” under Insurance Law § 3420 (f) (1) to which the lack thereof results in exclusion of coverage under the uninsured motorist indorsement, rather than the nonexistence of insurance coverage. A qualified person can only be construed as an individual who has the uninsured motorist indorsement in an insurance policy. The purpose of the statute is to create a remedy to distinguish between valid and fraudulent hit-and-run *612 claims upon proof that there was indeed an unidentified vehicle and that physical contact with the vehicle caused the accident (Matter of Allstate Ins. Co. v Killakey, 78 NY2d 325, 329).
Accordingly, petitioner is barred from the 20-day statutory period under CPLR 7503 (c) from raising the “no physical contact” issue.
Even if petitioner is not barred from making the application by the statutory time period under the statute, petitioner has improperly raised the issue of “no physical contact” for the first time in its reply papers and, therefore, should not be considered by the court (Canter v East Nassau Med. Group, 270 AD2d 381; Fischer v Weiland, 241 AD2d 439). Even if the court considers the merits of petitioner’s claim in the reply papers, petitioner’s reply papers are insufficient since the claim of no physical contact is conclusory, lacking any evidentiary facts in support of a stay, or the conducting of a hearing. (See, Matter of Government Empls. Ins. Co. v Estate of Sosnov, 275 AD2d 322.) There should be, at a minimum, a good-faith basis grounded in factual reality for claiming no physical contact between the Poulard vehicle and the hit-and-run vehicle, rather than adding a bald assertion to the reply papers as an afterthought without any evidentiary foundation. Finally, direct contact between the respondent’s vehicle and the unidentified vehicle is not necessary to satisfy the physical contact requirement where, as here, the collision involved multiple vehicles, and the accident originated from a collision with the unidentified vehicle (Matter of Allstate Ins. Co. v Basdeo, 273 AD2d 466; see, Matter of Allstate Ins. Co. v Killakey, supra).