■ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INS. Co., Appellant, v ANTHONY JULIEN et al., Respondents. [749 NYS2d 73] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated November 1, 2001, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the offending vehicle was insured at the time of the accident, and the arbitration is stayed pending a new determination in accordance herewith.

The uninsured motorist indorsement of an insurance policy does not operate unless and until it has been established that there was no insurance coverage on the offending vehicle on the date of the accident (*see Matter of Nationwide Ins. Co. v Sillman,* 266 AD2d 551, 552; *Matter of State Farm Mut. Ins. Co. v Vazquez,* 249 AD2d 312; *Matter of Eagle Ins. Co. v Sadiq,* 237 AD2d 605). Thus, the additional respondent Chrysler Insurance Company must produce a copy of its insurance policy in order to establish that the alleged nonpermissive use of the rental vehicle either fell under an exclusion to its policy for which it issued a timely disclaimer, or that the nonpermissive use is not within the ambit of its policy. It is insufficient to establish the uninsured status of the offending vehicle in this CPLR article 75 proceeding simply by alleging that the unauthorized use of the rental vehicle violated the terms of the rental agreement. Only after it is determined that the policy contained a provision stating that coverage is not afforded for use of the vehicle without permission of the owner, Adir One, Inc., should the court confront the question of whether the restrictions in the rental agreement are enforceable such that Dovber Lipskier's use of the vehicle can be considered nonpermissive (*see e.g. Motor Vehicle Acc. Indem. Corp. v Continental Natl. Am. Group Co.,* 35 NY2d 260, 264; *Matter of Allstate Indem. Co. v Nelson,* 285 AD2d 545; *Faller v A. Drive Auto Leasing Sys.,* 47 AD2d 530; *Cooperman v Ferrentino,* 37 AD2d 474, 476-478), and the question of whether the additional respondents have submitted substantial evidence that the use of the rental car was without the permission of the lessee (*see e.g. Matter of Allstate Indem. Co. v Nelson, supra; Naidu v*

*Harwin,* 281 AD2d 525; *Headley v Tessler,* 267 AD2d 428; *Matter of Utica Mut. Ins. Co. [Lahey],* 95 AD2d 150, 153; *Hardeman v Mendon Leasing Corp.,* 87 AD2d 232, 236-238, *affd* 58 NY2d 892; *Aetna Ins. Co v Johnson,* 84 AD2d 505; *Speller v Ryder Truck Rental,* 47 AD2d 608).

Accordingly, the petition is reinstated and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the offending vehicle was insured at the time of the accident. In the interim, the arbitration is temporarily stayed. Florio, J.P., Friedmann, Adams and Crane, JJ., concur.