◼ In the Matter of Atlantic Mutual Insurance Company, Appellant, v Frances Matera et al., Respondents. [756 NYS2d 889] —In a proceeding pursuant to CPLR article 75 to perma-

nently stay arbitration of an uninsured motorist claim, the petitioner appeals (1) from an order of the Supreme Court, Kings County (Johnson, J.), dated February 14, 2002, which, inter alia, dismissed the petition, and (2), as limited by its brief, from so much of an order of the same court, dated May 2, 2002, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated February 14, 2002, is dismissed, as that order was superseded by the order dated May 2, 2002, made upon reargument; and it is further,

Ordered that the order dated May 2, 2002, is reversed insofar as appealed from, on the law, with costs to the appellant, and upon reargument, so much of the order dated February 14, 2002, as dismissed the petition is vacated, and the matter is remitted to the Supreme Court, Kings County, for joinder of Miguel Gonzalez, Allcity Insurance Company, Empire Insurance Group, and Lancer Insurance Company as necessary parties, and a new determination of the petition in accordance herewith.

On the record presented, there are issues of fact concerning whether the offending vehicle was "uninsured" within the meaning of the policy issued by the petitioner Atlantic Mutual Company. Thus, the Supreme Court should not have dismissed the petition without the joinder of the proposed additional respondents Miguel Gonzalez, Allcity Insurance Company, Empire Insurance Group, and the Lancer Insurance Company, and if necessary, a hearing (*see New York Cent. Mut. Fire Ins. Co. v Paillant,* 269 AD2d 451 [2000]; *Allstate Ins. Co. v Frederick,* 266 AD2d 283 [1999]; *Lumbermens Mut. Cas. Co. v Beliard,* 256 AD2d 579 [1998]; *Aetna Cas. & Sur. Co. v Boiano,* 199 AD2d 314 [1993]). Ritter, J.P., Santucci, Feuerstein and Schmidt, JJ., concur.