█ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v SHELDON SCOTT et al., Appellants. [854 NYS2d 132]—

There is no merit to respondents' argument that the timeliness of the proceeding under CPLR 7503 (c) should be measured from service of their attorney's April 16, 2007 letter notifying petitioner of their intention to arbitrate their "uninsured motorist claims." That letter gave no indication whether such claims were being brought under the lack-of-coverage or hit-and-run provision of the uninsured motorist claim section of

the subject policy. Rather, timeliness should be measured from service of respondents' May 30, 2007 demand to arbitrate. That was the first notice given by respondents that their claims were being brought under the hit-and-run provision, and thus when petitioner first learned that it had a ground for seeking a stay of arbitration, namely, respondent passenger's statement to petitioner shortly after the accident that there was no physical contact with the offending vehicle (*see Matter of Prudential Prop. & Cas. Ins. Co. v Hobson*, 67 NY2d 19 [1986]; *cf. Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054, 1056 [1991]). No hearing was required since the lack of physical contact was undisputed. We have considered respondents' other contentions and find them unavailing. Concur—Friedman, J.P., Gonzalez, McGuire and Moskowitz, JJ.