Matter of GEICO Gen. Ins. Co. v Glazer (2019 NY Slip Op 04666)





Matter of GEICO Gen. Ins. Co. v Glazer


2019 NY Slip Op 04666


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9603N 654090/18

[*1] In re GEICO General Insurance Company, Petitioner-Respondent,
v
Benjamin Glazer, Respondent-Appellant.


Ogen & Sedaghati, P.C., New York (Eitan A. Ogen of counsel), for appellant.
O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains (Montgomery L. Effinger of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about February 21, 2019, which granted the petition of GEICO General Insurance Company (GEICO) to temporarily stay the arbitration proceeding until respondent complies with the discovery deemed appropriate by the arbitrator, unanimously reversed, on the law, with costs, and the petition denied.
CPLR 7503(c) provides that "[a]n application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, or he shall be so precluded." "This statutory time period is to be strictly construed" (Gold Mills v Pleasure Sports, 85 AD2d 527, 528 [1st Dept 1981]). Here, GEICO received the April 26, 2018 demand on April 30, 2018, and did not move to stay arbitration until more than three months later. Accordingly, the petition was untimely.
Although there is a limited exception to this rule, namely, that an otherwise untimely petition to stay arbitration may be entertained when "its basis is that the parties never agreed to arbitrate, as distinct from situations in which there is an arbitration agreement which is nevertheless claimed to be invalid or unenforceable because its conditions have not been complied with" (Matter of Matarasso (Continental Cas. Co.], 56 NY2d 264, 266 [1982]), this case does not meet that exception.
Respondent's refusal to submit to an independent medical examination or examination under oath involves a condition precedent to coverage as opposed to an issue of arbitrability (see Matter of GEICO Gen. Ins. Co. v Schwartz, 35 Misc 3d 1221[A], 2012 NY Slip Op 50802[U] [Sup Ct, Kings County 2012]).
GEICO's reliance on CPLR 3102(c), which expressly empowers the court to direct disclosure in aid of arbitration, is misplaced in light of the untimely petition under CPLR 7503(c) (see Matter of Motor Veh. Acc. Indem. Corp. [McCabe], 19 AD2d 349 [1st Dept 1963]; Matter of GEICO Gen. Ins. Co. v Schwartz, 35 Misc 3d 1221[A], 2012 NY Slip Op 50802[U] at *5-6). Equally unavailing is GEICO's assertion that the petition should be granted in the interest of justice. The record shows that respondent complied with GEICO's initial demands at the time the demand for arbitration was forwarded on April 26, 2018. Had
GEICO promptly requested the additional discovery, instead of waiting as long as it did, it could have requested the CPLR 7503(c) stay within the requisite time period.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK