| Matter of Government Empls. Ins. Co. v De Liriano |
|:---:|
| 2025 NY Slip Op 30037(U) |
| January 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 654945/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JOHN J. KELLEY**              PART              56M

*Justice*

----------------------------------------------------------------------------X

In the Matter of

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Petitioner,

- v -

ROSA PONS DE LIRIANO,

Respondent.

----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654945/2023 |
| MOTION DATE | 08/27/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 15, 16, 17, 18, 19, 20, 21

were read on this motion to/for          REARGUMENT/RECONSIDERATION          .

In this proceeding pursuant to CPLR 7503 to stay arbitration of a claim for uninsured motorists benefits, the petitioner moves, by notice of motion incorrectly denominated as one for leave to reargue, for leave to renew the petition (CPLR 2221[e]), which had been denied in a decision, order, and judgment dated June 28, 2024. Although the respondent does not oppose the motion, the motion nonetheless is denied.

As the Appellate Division, First Department, has explained,

"[a] motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and may be granted only upon a showing 'that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision'"

(*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992], quoting *Schneider v Solowey*, 141 AD2d 813, 813 [2d Dept 1988]; *see Matter of Setters v AI Props. & Devs. (USA) Corp.*, 139 AD3d 492, 4492 [1st Dept 2016]). The petitioner is not arguing here that the court overlooked or misapprehended any facts or law that it actually submitted in connection with the initial petition. Rather, it bases the current motion on purported facts that had not previously

654945/2023  GOVERNMENT EMPLOYEES INSURANCE COMPANY vs. DE LIRIANO, ROS PONS          Page 1 of 4
Motion No.  002

1 of 4

been presented to the court, namely a printout of a United States Postal Service (USPS) web page that tracked a particular delivery. That printout had not been submitted in connection with the petitioner's first application. Hence, the petitioner's motion here is, in fact, a motion for leave to renew, since such a motion "'shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination'" (*McLaughlin v Snowlift, Inc*., 214 AD3d 720, 721 [2d Dept 2023], quoting CPLR 2221[e][2]; *see Melcher v Apollo Med. Fund Mgt., LLC,* 105 AD3d 15, 23 [1st Dept 2013]; *Dinallo v DAL Elec*., 60 AD3d 620, 621 [2d Dept 2009]; *American Audio Serv. Bur. Inc. v. AT & T Corp*., 33 AD3d 473, 476 [1st Dept 2006]). A party seeking leave to renew must provide a reasonable justification for failing to submit the purportedly new evidence on the initial application (*see Leighton v Lowenberg*, 125 AD3d 427, 427-428 [1st Dept 2015]; *Onglingswan v Chase Home Fin., LLC*, 104 AD3d 543, 544 [1st Dept 2013]).

As this court explained it in the June 28, 2024 order and judgment, pursuant to CPLR 7503(c), "an application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, or he shall be so precluded." "It is well settled that the time limitation prescribed by CPLR § 7503(c) is jurisdictional, and, absent special circumstances, courts have no jurisdiction to consider an untimely application" (*Matter of Metropolitan Property & Cas. Ins. Co. v Coping*, 179 AD2d 499, 500 [1st Dept 1992]). "'This statutory time period is to be strictly construed'" (*Matter of GEICO Gen. Ins. Co. v Glazer,* 173 AD3d 499, 499 [1st Dept 2019], quoting *Gold Mills v Pleasure Sports*, 85 AD2d 527, 528, [1st Dept 1981]). "'[A] court's lack of subject matter jurisdiction is not waivable, but may be [raised] at any stage of the action, and the court may, ex mero motu [on its own motion], at any time, when its attention is called to the facts, refuse to proceed further and dismiss the action'" (*Financial Indus. Regulatory Auth., Inc. v Fiero*, 10 NY3d 12, 17 [2008], quoting *Matter of Fry v Village of Tarrytown,* 89 NY2d 714, 718, [1997]; s*ee Editorial Photocolor Archives v Granger Collection*, 61 NY2d 517, 523 [1984]; Lacks v Lacks, 41 NY2d 71, 75 [1976] ["It is blackletter law

**654945/2023 GOVERNMENT EMPLOYEES INSURANCE COMPANY vs. DE LIRIANO, ROS PONS** **Page 2 of 4**
**Motion No. 002**

[* 2]                                                    2 of 4

that a judgment rendered without subject matter jurisdiction is void, and that the defect may be raised at any time and may not be waived"]; *VNB N.Y., LLC v Y.M. Intercontinental Gem Corp.,* 154 AD3d 903, 906 [2d Dept 2017]).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence, that it exists" (*Holmes v United States*, 2005 WL 2298159, *2, 2005 US Dist LEXIS 20648, *6-7 [SD NY, Sept. 19, 2005] [citations and internal quotation marks omitted]).  As such, the petitioner had the initial burden of establishing that the court had subject matter jurisdiction to consider the petition, which the petitioner now contends is the case, based on its new assertion that its commencement of this proceeding on October 9, 2023 was within 20 days after it *received* the demand for arbitration on September 21, 2023 (*see Knickerbocker Insurance Co. v Gilbert*, 28 NY2d 57, 63-64 [1971]).

The petitioner, however, has failed to provide a reasonable justification for failing to submit, with its initial application, the purportedly new evidence of the date of its receipt of the demand.  Furthermore, although the petitioner alleged in the petition that it received the demand on September 21, 2023, the petition was verified only by the petitioner's attorney, who did not claim to have personal knowledge of the date of receipt.  Moreover, the document that it now submits simply provides a USPS tracking number and indicates a date on which the petitioner received correspondence pertaining to that tracking number.  The document does not, by itself, establish that the enumerated tracking number pertains to the envelope containing the respondent's demand for arbitration.  Nor does the petitioner submit an affirmation or affidavit from an employee with knowledge that this tracking document pertains to the receipt of the demand for arbitration, or even an employee with knowledge of the petitioner's mailroom protocol.  Rather, it submits only an attorney's affirmation which asserts, without more, that the petitioner received the respondent's demand for arbitration on September 21, 2024.  This is insufficient to support a motion for leave to renew.  For these reasons, the petitioner's motion must be denied.

In light of the foregoing, it is,

**654945/2023   GOVERNMENT EMPLOYEES INSURANCE COMPANY vs. DE LIRIANO, ROS PONS          Page 3 of 4
Motion No.  002**

ORDERED that the motion is denied.

This constitutes the Decision and Order of the court.

| 1/6/2025 | | |
| --- | --- | --- |
| **DATE** | | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654945/2023   GOVERNMENT EMPLOYEES INSURANCE COMPANY vs. DE LIRIANO, ROS PONS**          Page 4 of 4
**Motion No.  002**

[* 4]