Matter of Nationwide Gen. Ins. Co. v Discolo (2025 NY Slip Op 00099)

Matter of Nationwide Gen. Ins. Co. v Discolo

2025 NY Slip Op 00099

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-09266
 (Index No. 614350/21)

[*1]In the Matter of Nationwide General Insurance Company, petitioner-respondent, 
v
Francis P. Discolo, appellant; et al., additional respondents.

Jonah Grossman, Jamaica, NY (Lawrence B. Lame of counsel), for appellant.
Brian Rayhill, Garden City, NY (Andrew J. Frank of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplemental uninsured motorist benefits, Francis P. Discolo appeals from an order of the Supreme Court, Nassau County (Conrad D. Singer, J.), entered July 6, 2023. The order granted that branch of the petition which was to temporarily stay arbitration pending a framed-issue hearing.
ORDERED that the order is affirmed, with costs.
The respondent, Francis P. Discolo, allegedly was involved in a motor vehicle collision with a vehicle owned by the additional respondent Xudong Ping (hereinafter the Ping vehicle) and operated by another individual. The Ping vehicle was insured by the additional respondent Country-Wide Insurance Company (hereinafter Country-Wide), which denied Discolo's bodily injury claim because its investigation had revealed that the Ping vehicle was in "a state of theft" on the date of loss. Discolo, whose vehicle was insured by the petitioner, Nationwide General Insurance Company (hereinafter Nationwide), on the date of the collision, served Nationwide with a demand for arbitration of his claim for supplemental uninsured motorist (hereinafter SUM) benefits. Nationwide commenced this proceeding, among other things, to permanently stay arbitration, contending, inter alia, that the Ping vehicle was insured on the date of the collision. In an order entered July 6, 2023, the Supreme Court granted that branch of the petition which was to temporarily stay arbitration pending a framed-issue hearing. Discolo appeals.
The Supreme Court properly granted that branch of the petition which was to temporarily stay arbitration pending a framed-issue hearing as to whether Country-Wide properly disclaimed coverage of the Ping vehicle. The uninsured motorist endorsement of an insurance policy does not operate unless and until it has been established that the offending vehicle was uninsured on the date of the accident (see Matter of Lumbermens Mut. Cas. Co. v Quintero, 305 AD2d 684, 685; Matter of New York Cent. Mut. Fire Ins. Co. v Julien, 298 AD2d 587, 587; Matter of Nationwide Ins. Co. v Sillman, 266 AD2d 551, 552). An insurance carrier seeking to stay the arbitration of an uninsured motorist claim has the burden of establishing that the offending vehicle was insured at the time of the accident. Once such a prima facie case of coverage is established, the burden shifts to the opposing party to come forward with evidence to the contrary (see Matter of Travelers Home & Mar. Ins. Co. v Miller, 220 AD3d 875, 877; Matter of Progressive Cas. Ins. Co. v Persaud, 216 AD3d 642, 643; Matter of USAA Gen. Indem. Co. v McQueen, 207 AD3d 641, 642).
Here, Nationwide established a prima facie case with respect to the existence of insurance coverage by producing a police accident report, which contained the Ping vehicle's insurance code (see Matter of Progressive Cas. Ins. Co. v Persaud, 216 AD3d at 643; Matter of Utica Mut. Ins. Co. v Colon, 25 AD3d 617, 618; Matter of Nationwide Ins. Co. v Sillman, 266 AD2d at 552). Country-Wide's letter to Discolo's counsel, stating that it was denying Discolo's bodily injury claim because its investigation had revealed that the Ping vehicle was in "a state of theft" on the date of loss, merely raised an issue of fact as to whether the disclaimer by Country-Wide was proper (see Matter of Allstate Ins. Co. v Anderson, 303 AD2d 496, 497; Matter of Nationwide Ins. Co. v Sillman, 266 AD2d at 552; Matter of Lumbermens Mut. Cas. Co. v Beliard, 256 AD2d 579, 580). Under these circumstances, the Supreme Court properly determined that a framed-issue hearing was necessary to determine whether Country-Wide properly disclaimed coverage of the Ping vehicle (see Matter of Country-Wide Ins. Co. v Santos, 175 AD3d 1530, 1531).
Contrary to Discolo's contention, the language in the SUM endorsement is not to be construed against Nationwide as a contract of adhesion. Because Nationwide did not choose the terms of the SUM endorsement of its own accord but, rather, was required to offer SUM coverage in compliance with the terms of Insurance Law § 3420(f)(2)(A) and Department of Insurance regulations (see 11 NYCRR 60-2.3[f]), courts must interpret the SUM endorsement and the language of the statute in the manner intended by the neutral sources of that enactment (see Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d 799, 804; Matter of U.S. Speciality Ins. Co. [Denardo], 151 AD3d 1520, 1523).
Accordingly, the Supreme Court properly granted that branch of the petition which was to temporarily stay arbitration pending a framed-issue hearing.
DILLON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court