■ In the Matter of the Arbitration between COSMOPOLITAN MUTUAL INSURANCE COMPANY, Appellant, and WILLIAM HUGHES et al., Respondents. —Order, Supreme Court, New York County, entered December 28, 1977, denying petitioner's application to stay arbitration pursuant to uninsured motorist clause, is unanimously affirmed, with $40 costs and disbursements

of this appeal to claimant-respondent by appellant. Claimant-respondent submitted a copy of Form FS-8.7 of the New York State Department of Motor Vehicles in which the department states that the allegedly offending car was not covered by financial security at the date of the accident and that the department has revoked the driver's license of the operator of the offending vehicle and also the license and registration of the owner. Petitioner Cosmopolitan submitted absolutely nothing to contradict this but merely suggested the possibility of infirmities in the cancellation of the insurance of the offending vehicle, with no evidence to suggest that there are in fact such infirmities. Thus, "The claimants have presented 'some reasonably persuasive evidence of noninsurance' of the third party vehicle and appellant has not presented evidence that there was insurance, but has only asserted 'possible gaps * * * without any effort to fill those gaps' (see *Aetna Ins. Co. v Logue,* 68 Misc 2d 841, 843, 846, 847)." *(Matter of Albohn v Allstate Ins. Co.,* 51 AD2d 797.) (See, also, *Matter of Foster [MVAIC],* 55 Misc 2d 784, 786-787; *Zelanka v MVAIC,* 32 AD2d 847.) Concur—Lupiano, J. P., Birns, Silverman, Evans and Sandler, JJ.