■ In the Matter of the Arbitration between AMICA MUTUAL INSURANCE COMPANY, Respondent, and LORETTA REAVES et al., Respondents, SELECTED RISKS INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County, entered February 28, 1978, staying arbitration under an uninsured motorist provision pending a preliminary trial, and granting other relief, is unanimously reversed, on the law, with costs; petitioner Amica's application for a stay of the arbitration proceeding commenced by respondent Reaves, is denied; the provisions directing the joinder of Selected Risks Insurance Co. as an additional respondent, and directing Selected Risks to reimburse petitioner for any first-party no-fault benefits paid by petitioner to respondent Reaves, are vacated. 1. With respect to the direction for reimbursement by Selected Risks to petitioner Amica for any first-party no-fault benefits paid by Amica to respondent Reaves, subdivision 1 of section 674 of the Insurance Law governs the right of an insurer liable for first-party benefits to recover the amount of such benefits from the insurer of any other covered person. Subdivision 2 of section 674 provides that: "2. The sole remedy of any insurer to recover on a claim arising under subdivision one of this section, shall be the submission of the controversy to mandatory arbitration pursuant to procedures to be promulgated or approved by the superintendent." Accordingly, the court had no jurisdiction to direct such reimbursement. We note that apparently Amica Mutual did not even ask for this reimbursement in this proceeding. 2. With respect to Reaves' arbitration claim against Amica, her insurer, it appears that respondent Reaves was in her car when she was struck by another car driven by Elizabeth Hicks. The Hicks car had been stolen from its owners. In these circumstances, there was no need for a preliminary trial to determine whether the offending vehicle driven by Hicks was uninsured. So far as Reaves' right to recover against her own insurer under the uninsured motorist provision is concerned, it is immaterial whether the Hicks car was technically insured or

uninsured, as the Hicks car was stolen. Pursuant to subdivision 2-a of section 167 of the Insurance Law, Amica's uninsured motorist clause must contain a provision whereby Amica agrees to pay to Reaves, its insured, any sums within the statutory limits which Reaves would be entitled to recover as damages from an owner or operator of "an uninsured motor vehicle, an unidentified vehicle * * *, a stolen vehicle". Thus Reaves' right to pursue her claim against Amica in arbitration is not dependent upon whether the Hicks vehicle was uninsured; it is enough that it was stolen. If there were an issue as to whether the Hicks car was stolen, that might have to be referred for preliminary trial. But there is no such issue. Respondent Reaves has presented reasonably persuasive evidence that the Hicks car was stolen, and petitioner Amica has not presented any evidence that it was not. Accordingly, there is no issue of fact requiring arbitration. (Cf. *Matter of Cosmopolitan Mut. Ins. Co. [Hughes]*, 63 AD2d 874; *Matter of Albohn v Allstate Ins. Co.*, 51 AD2d 797; *Aetna Ins. Co. v Logue*, 68 Misc 2d 841, 847.) Concur—Kupferman, J. P., Birns, Sandler, Markewich and Silverman, JJ.