■ In the Matter of PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant. EUGENE W. EVERETT, as Administrator of the Estate of BRIAN EVERETT, Deceased, et al., Respondents. [654 NYS2d 159] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated January 16, 1996, which denied the petition and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with one bill of costs payable to the additional respondents appearing separately and filing separate briefs.

Contrary to the contention of Prudential Property and Casualty Insurance Company (hereinafter Prudential), the Supreme Court correctly determined that Eugene Everett, the decedent's administrator, was entitled to uninsured motorist benefits by virtue of the fact that the vehicle in which his decedent was riding had been stolen at the time of the accident causing his death (see, Insurance Law § 3420 [f] [1]; Rowell v Utica Mut.

*Ins. Co.,* 77 NY2d 636; *Matter of Allstate Ins. Co. v Giordano,* 108 AD2d 910, *affd* 66 NY2d 810; *cf., Matter of Amica Mut. Ins. Co. [Reeves],* 70 AD2d 811).

Prudential's remaining contention is without merit. Rosenblatt, J. P., Pizzuto, Altman and Luciano, JJ., concur.