■ In the Matter of LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant, v GERMAINE BELIARD, Respondent. [682 NYS2d 430] —In a proceeding to stay arbitration of a claim for uninsured motorist benefits, the appeal, as limited by the petitioner's brief, is from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered December 26, 1996, as denied, without a hearing, so much of the petition which was to add additional respondents and to set the matter down for a hearing.

Ordered that the order is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the joinder of Aetna Casualty & Surety Company as a necessary party, and a new determination of the petition in accordance herewith.

The respondent, Germaine Beliard, filed a notice of intent to arbitrate a claim for uninsured motorist benefits with the appellant, Lumbermens Mutual Casualty Company (hereinafter Lumbermens), her insurance company. Beliard alleged that a vehicle with which she had collided was "uninsured" within the meaning of her policy because the alleged insurer thereof, Aetna Casualty & Surety Company (hereinafter Aetna), had disclaimed coverage due to the noncooperation of its insured. Lumbermens thereafter commenced this proceeding for a stay of arbitration pending, *inter alia*, the addition of Aetna as a respondent and a determination as to whether the offending vehicle at issue was "uninsured". In the order appealed from, the Supreme Court denied such relief. We reverse.

Lumbermens established a prima facie case as to the existence of insurance coverage for the subject vehicle by, *inter alia*, the production of the police accident report which contained the offending vehicle's insurance code designation (*see, Matter of Eagle Ins. Co. v Sadiq,* 237 AD2d 605; *Matter of State Farm Mut. Auto. Ins. Co. v Fenelon,* 202 AD2d 436; *Matter of Wausau Ins. Co. v Ramos,* 151 AD2d 487; *Matter of Eagle Ins. Co. v Olephant,* 81 AD2d 886). The letters proffered by Beliard from Aetna concerning the purported disclaimer of coverage merely raised a triable issue as to whether Aetna's disclaimer was proper. That issue should not be resolved without the joinder of Aetna and, if necessary, a hearing (*see, Matter of Eagle Ins. Co. v Sadiq, supra; Matter of Eveready Ins. Co. v Roman,* 166 AD2d 530; *see also, Matter of Empire Mut. Ins. Co. [Stroud],* 36 NY2d 719; *Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159). Miller, J. P., Ritter, Copertino and Altman, JJ., concur.