In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v BERNICE YOUNGBLOOD et al., Respondents. [705 NYS2d 619] —In a proceeding to stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated September 30, 1999, which denied the petition.

Ordered that the order is affirmed, with costs to the respondent Bernice Youngblood.

The respondent Bernice Youngblood was involved in an automobile accident on November 19, 1997, while driving a vehicle insured by the petitioner State Farm Mutual Automobile Insurance Company (hereinafter State Farm). Youngblood subsequently sought uninsured motorist benefits under the State Farm policy. State Farm commenced this proceeding to stay arbitration of her claim on the ground, *inter alia,* that an evidentiary hearing was required to determine whether the offending vehicle was insured by Allstate Insurance Company (hereinafter Allstate) at the time of the accident.

State Farm established a prima facie case as to the existence of insurance coverage for the offending vehicle by presenting a copy of the police accident report, which contained the identification code for the Assigned Risk Plan for the offending

vehicle, and a "registration record expansion" from the Department of Motor Vehicles (hereinafter the DMV) which indicated that the offending vehicle was insured by Allstate (*see, e.g., Matter of Liberty Mut. Ins. Co. v Bohl,* 262 AD2d 645; *Matter of Lumbermens Mut. Cas. Co. v Beliard,* 256 AD2d 579; *see also, Brogan v New Hampshire Ins. Co.,* 250 AD2d 562).

In response, Youngblood presented, *inter alia,* a letter from Allstate, which denied coverage in connection with the accident, and a letter from the DMV dated September 1, 1999, which stated that the driving privileges of the owner and operator of the offending vehicle had been revoked because the vehicle was uninsured when it was involved in the accident on November 19, 1997. Absent proof to the contrary, such a statement from the DMV is sufficient to establish that the offending vehicle was uninsured at the time of the accident (*see, e.g., Matter of Commercial Union Ins. Cos. [Pouncy],* 120 AD2d 382; *Matter of Cosmopolitan Mut. Ins. Co. [Hughes],* 63 AD2d 874; *Zelanka v MVAIC,* 32 AD2d 847).

State Farm failed to offer evidence to rebut the statement from the DMV that the offending vehicle was uninsured at the time of the accident. Accordingly, the Supreme Court properly denied State Farm's petition for a stay of arbitration (*see, Matter of Cosmopolitan Mut. Ins. Co. [Hughes], supra; see also, Matter of State-Wide Ins. Co. v Valdes,* 173 AD2d 624). O'Brien, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.