■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v ADONNA McFARLAND, Respondent. ALLSTATE INSURANCE COMPANY, Proposed Additional Respondent-Appellant, et al., Proposed Additional Respondent. [729 NYS2d 739] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of an uninsured motorist claim, Allstate Insurance Company appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated November 15, 2000, which granted the petition and permanently stayed the arbitration.

Ordered that the order is affirmed, with costs.

The petitioner, Government Employees Insurance Company (hereinafter GEICO), commenced this proceeding for a permanent stay of arbitration of an uninsured motorist claim made by its insured, the respondent Adonna McFarland. GEICO met its initial burden of proving that the alleged offending vehicle was insured by Allstate Insurance Company (hereinafter Allstate) at the time of the accident. In support of its petition, GEICO submitted the police accident report identifying Allstate as the insurer of the alleged offending vehicle (*see, Matter of State Farm Mut. Auto. Ins. Co. v Youngblood,* 270 AD2d 493; *Matter of Eagle Ins. Co. v Olephant,* 81 AD2d 886). In opposition thereto, Allstate failed to meet its burden of demonstrating that the policy at issue had been effectively cancelled prior to the accident (*see, Matter of State Farm Mut. Auto. Ins. Co. v Youngblood, supra; Matter of American Home Assur. Co. v Wai Ip Wong,* 249 AD2d 301; *Matter of Eagle Ins. Co. v Tichman,* 185 AD2d 884). Thus, the Supreme Court properly granted the petition. Ritter, J. P., Altman, McGinity and Cozier, JJ., concur.