■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v REGINALD ANDERSON, Respondent. [755 NYS2d 724] —In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated June 11, 2002, as denied, without a hearing, that branch of the petition which was to permanently stay the arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for an evidentiary hearing to determine whether Nationwide Mutual Insurance Company, also known as Nationwide Assurance Company, also known as Colonial Insurance Company of Wisconsin, timely and validly

disclaimed coverage of the offending vehicle for the subject accident; and it is further,

Ordered that the petitioner shall serve a supplemental notice of petition (*see* CPLR 305 [a]) and amended petition (*see* CPLR 3025 [b]) upon Nationwide Mutual Insurance Company, also known as Nationwide Assurance Company, also known as Colonial Insurance Company of Wisconsin, joining it as an additional respondent to the proceeding within 30 days of service upon it of a copy of this decision and order.

The petitioner, Allstate Insurance Company (hereinafter Allstate), commenced this proceeding, inter alia, to permanently stay arbitration of its insured's claim for uninsured motorist benefits on the ground that the offending vehicle was insured by Nationwide Mutual Insurance Company, also known as Nationwide Assurance Company, also known as Colonial Insurance Company of Wisconsin (hereinafter Nationwide). Alternatively, Allstate sought to add Nationwide as an additional respondent to the proceeding, and sought a framed issue hearing. Allstate's insured, the respondent Reginald Anderson, opposed the petition, submitting a letter from Nationwide indicating that it had disclaimed coverage of the offending vehicle based on its insured's failure to report and cooperate in the investigation of the subject accident. In reply, Allstate contended that there were issues of fact concerning whether Nationwide timely disclaimed coverage, and whether the disclaimer was valid. The Supreme Court denied the petition, without a hearing, and directed the parties to proceed to arbitration.

We reverse, and remit the matter to the Supreme Court, Nassau County, for an evidentiary hearing on the issues of whether Nationwide timely disclaimed coverage of the offending vehicle, and whether the disclaimer was valid. Allstate made a prima facie showing that the offending vehicle was insured by Nationwide on the day of the accident through the submission of the police report and the registration record expansion from the New York State Department of Motor Vehicles (*see Matter of State Farm Mut. Auto. Ins. Co. v Youngblood,* 270 AD2d 493 [2000]; *Matter of Nationwide Ins. Co. v Sillman,* 266 AD2d 551 [1999]). The letter from Nationwide to its insured purporting to disclaim coverage, submitted by Anderson in opposition to the petition, merely raised issues of fact as to whether Nationwide timely and validly disclaimed coverage of the offending vehicle (*see Matter of Lumbermens Mut. Cas. Co. v Beliard,* 256 AD2d 579 [1998]). Thus, Nationwide must be joined as a party respondent to the proceeding,

and the matter remitted to the Supreme Court, Nassau County, for an evidentiary hearing to resolve these issues. Feuerstein, J.P., Friedmann, Schmidt and Mastro, JJ., concur.