■ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v SHIRLEY E. HALL, Respondent. MARVIN GABRIELE et al., Proposed Additional Respondents. [775 NYS2d 890]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated June 19, 2003, which denied, without a hearing, that branch of the petition which was to permanently stay the arbitration and, in effect, denied that branch of the petition which was to add Marvin Gabrile, Orlene Y. Liverpool, and Allstate Insurance Company as additional respondents.

Ordered that the order is reversed, on the law, with costs, that branch of the petition which was to add Marvin Gabrile, Orlene Y. Liverpool, and Allstate Insurance Company as additional respondents is granted, and the matter is remitted to the Supreme Court, Nassau County, for an evidentiary hearing on the issue of whether Allstate Insurance Company timely and validly disclaimed coverage of the offending vehicle for the subject accident and for a new determination thereafter of that branch of the petition which was to permanently stay arbitration.

In support of its petition to permanently stay arbitration of a claim for uninsured motorist benefits on the ground that the offending vehicle was insured at the time of the accident, the petitioner submitted the police accident report and a letter from Allstate Insurance Company (hereinafter Allstate) to its insured disclaiming coverage for the offending vehicle. The petitioner's proof raised a question of fact as to whether Allstate timely and validly disclaimed coverage of the offending vehicle (*see Matter of Allstate Ins. Co. v Anderson,* 303 AD2d 496 [2003]; *Matter of State Farm Mut. Auto. Ins. Co. v Youngblood,* 270 AD2d 493 [2000]; *Matter of Lumbermens Mut. Cas. Co. v Beliard,* 256 AD2d 579 [1998]). Consequently, we remit the matter to the Supreme Court, Nassau County, inter alia, for an evidentiary hearing on the issue of whether Allstate timely and validly disclaimed coverage of the offending vehicle for the subject accident (*see Matter of State Farm Mut. Ins. Co. v Vazquez,* 249 AD2d 312 [1998]). That issue should not be resolved without the joinder of the proposed additional respondents (*see Matter of Lumbermens Mut. Cas. Co. v Beliard,* 256 AD2d 579, 580 [1998]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.