■ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v ILENE PERLMUTTER, Appellant. [821 NYS2d 253]—

Motion by the appellant for leave to reargue an appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Bucaria, J.), dated February 17, 2004, which was determined by decision and order of this Court dated May 23, 2005 [18 AD3d 756], or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to reargue is granted; and it is further,

Ordered that the motion is otherwise denied; and it is further,

Ordered that upon reargument, the decision and order of this Court dated May 23, 2005 is recalled and vacated and the following decision and order is substituted therefor:

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (Bucaria, J.), dated February 17, 2004, which granted the petition.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

On May 13, 1999 the appellant was involved in an automobile accident with nonparty Rajinder Dharamshot. She filed a no-fault claim dated May 14, 1999 with her insurer, the petitioner Nationwide Mutual Insurance Company (hereinafter Nationwide), and initially received no-fault benefits from Nationwide. Those benefits were cancelled in October 1999 after Nationwide

conducted an independent medical examination of the appellant.

According to the appellant, while her injuries did not appear to be serious at first, they eventually proved to be serious. As a result, in June 2000 she commenced an action against Dharamshot. The appellant's counsel subsequently learned, on or about April 25, 2001, that Dharamshot's policy was limited and less than the appellant's. Accordingly, by letter of April 26, 2001, he notified Nationwide that the appellant would be making a claim for underinsured coverage under the SUM provisions of her policy (hereinafter the SUM coverage).

By letter dated May 14, 2001, Nationwide asked the appellant to fill out a 25-page questionnaire. Before she could comply, by letter dated May 25, 2001, Nationwide disclaimed coverage based on the appellant's failure to timely notify it of her SUM (underinsured motorist) claim, and failure to forward the summons and complaint in her personal injury action to it.

In April 2002 after Dharamshot's carrier tendered its policy, Nationwide indicated that it had no objection to the appellant accepting the full policy and settling with Dharamshot. After Nationwide received the appellant's demand for arbitration, it commenced this proceeding to stay the arbitration. The Supreme Court agreed and granted the petition without a hearing, finding that the appellant failed to timely comply with the notification provisions of her policy with Nationwide. We reverse.

Under *Rekemeyer v State Farm Mut. Auto. Ins. Co.* (4 NY3d 468, 475-476 [2005]) where, as here, there was timely notice of the accident and a claim for no-fault benefits, the insurer must show that it was prejudiced before it can rely on the policy provisions requiring timely notice of the SUM claim and/or a claimant's failure to promptly forward the claimant's summons and complaint to it, to disclaim a demand for SUM coverage solely based on late notice by the claimant. Therefore, the Supreme Court should have held a hearing on the issue of prejudice to Nationwide prior to making a determination on its petition, and we remit the matter to the Supreme Court, Nassau County, for a hearing on the issue of prejudice to Nationwide and a new determination of the petition thereafter.

In light of this determination, we need not reach the appellant's remaining contentions. Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.