■ In the Matter of NEW YORK CENTRAL MUTUAL INSURANCE Co., Appellant, v DANIEL DAVALOS et al., Respondents. ALL-STATE INSURANCE et al., Proposed Additional Respondents. [835 NYS2d 247]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated January 5, 2006, which granted that branch of the motion of the respondent Daniel Davalos which was for reargument of the petition, which had been granted in an order of the same court dated August 15, 2005, and upon reargument, denied that branch of the petition which was to permanently stay arbitration, and, in effect, denied that branch of the petition which was, in effect, to add Allstate Insurance, Sebastian Gutierrez Meza, and Daniel Ashley as additional respondents.

Ordered that the order is modified, on the law, by deleting the provisions thereof which, upon reargument, denied that branch of the petition which was to permanently stay arbitration, and, in effect, denied that branch of the petition which was, in effect, to add Allstate Insurance, Sebastian Gutierrez Meza, and Daniel Ashley as additional respondents, and substituting therefor a provision granting that branch of the petition which was, in effect, to add Allstate Insurance, Sebastian Gutierrez Meza, and Daniel Ashley as additional respondents; as so modified, the or-

der is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for an evidentiary hearing on the issue of whether Allstate Insurance validly disclaimed coverage of the offending vehicle for the subject accident and for a new determination thereafter of that branch of the petition which was to permanently stay arbitration.

"Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier decision" (*E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653, 654 [2007] [internal quotation marks omitted]; *see Marini v Lombardo,* 17 AD3d 545 [2005]; *Carrillo v PM Realty Group,* 16 AD3d 611 [2005]; *Viola v City of New York,* 13 AD3d 439 [2004]). Contrary to the petitioner's contention, the Supreme Court providently exercised its discretion in granting reargument to consider whether its original determination to permanently stay arbitration was proper in light of a recent Court of Appeals decision that had been overlooked.

Furthermore, upon granting reargument, the court properly concluded that the petitioner was not entitled to a stay of arbitration based upon the failure of the respondent Daniel Davalos to provide notice of his claim for uninsured motorist benefits "as soon as practicable" as required by the supplementary uninsured/underinsured motorist (hereinafter SUM) endorsement of the subject insurance policy. Where, as here, timely notice of an accident has been given and the injured claimant has applied for no-fault benefits, an insurer cannot disclaim coverage under a SUM endorsement unless it establishes that it has been prejudiced by late notice of the SUM claim (*see Rekemeyer v State Farm Mut. Auto. Ins. Co.,* 4 NY3d 468 [2005]; *Matter of Nationwide Mut. Ins. Co. v Perlmutter,* 32 AD3d 947 [2006]; *Matter of State Farm Mut. Auto. Ins. Co. v Rinaldi,* 27 AD3d 476 [2006]). Timely notice of the accident is "sufficient to promote the valid policy objective of curbing fraud or collusion" underlying notice requirements (*see Rekemeyer v State Farm Mut. Auto. Ins. Co., supra* at 475). Although the petitioner argues that the rationale of the Court of Appeals in *Rekemyer v State Farm Mut. Auto. Ins. Co.* (*supra*), should be limited to claims for underinsured motorist benefits, we find it equally applicable to claims for uninsured motorist benefits made pursuant to a SUM endorsement. Since the petitioner has not claimed any prejudice arising from the late notice of the SUM claim, the court correctly determined that it is not entitled to a stay of arbitration on this ground.

However, the court should have added Allstate Insurance (hereinafter Allstate) and the owner and operator of the offending vehicle as additional respondents. In support of its petition, inter alia, to permanently stay arbitration of Davalos's claim for uninsured motorist benefits, the petitioner submitted the police accident report which contained the offending vehicle's insurance code designation, and Allstate's letter disclaiming coverage to the owner of the offending vehicle based upon his alleged noncooperation. This proof raised a question of fact as to whether Allstate validly disclaimed coverage of the offending vehicle (*see Matter of New York Cent. Mut. Fire Ins. Co. v Hall,* 7 AD3d 629 [2004]; *Matter of Eagle Ins. Co. [Villegas—State Farm Mut. Auto. Ins. Co.],* 307 AD2d 879 [2003]; *Matter of Allstate Ins. Co. v Anderson,* 303 AD2d 496 [2003]; *Matter of Lumbermens Mut. Cas. Co. v Beliard,* 256 AD2d 579 [1998]). Accordingly, we remit the matter to the Supreme Court, Kings County, for an evidentiary hearing on the issue of whether Allstate validly disclaimed coverage of the offending vehicle for the subject acccident (*see Matter of New York Cent. Mut. Fire Ins. Co. v Hall, supra; Matter of Lumbermens Mut. Cas. Co. v Beliard, supra*). Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.