■ In the Matter of MERCHANTS INSURANCE GROUP et al., Respondents, v ESTATE OF STEPHANIE GERALIS et al., Respondents, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, and PROGRESSIVE INSURANCE COMPANY, Respondent.
[834 NYS2d 321]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of a supplementary underinsured motorist claim, State Farm Mutual Automobile Insurance Company appeals (1) from an order of the Supreme Court, Suffolk County (Molia, J.), dated May 10, 2005, which granted the petition and granted that branch of the cross motion of Progressive Insurance Company which was for summary judgment declaring that State Farm Mutual Automobile Insurance Company is obligated to reimburse Progressive Insurance Company for all sums it had paid and would pay as a result of the underlying automobile accident, and (2) from a judgment of the same court entered December 8, 2005, which, upon the order, granted the petition, stayed arbitration of the supplementary underinsured motorist claim, and is in favor of Progressive Insurance Company and against State Farm Mutual Automobile Insurance Company in the total sum of $82,617.63.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The Plymouth Voyager in which the deceased was a passenger was insured by the appellant State Farm Mutual Automobile Insurance Company (hereinafter State Farm) on the date of the accident. The record contains a police accident report with the Plymouth Voyager's insurance code. The registration record from the New York State Department of Motor Vehicles also showed State Farm as the insurer of the Plymouth Voyager. Thus, Progressive Insurance Company (hereinafter Progressive)

established, prima facie, its entitlement to judgment as a matter of law (*see Matter of State Farm Mut. Auto. Ins. Co. v Youngblood,* 270 AD2d 493 [2000]; *Matter of Nationwide Ins. Co. v Sillman,* 266 AD2d 551 [1999]; *Matter of Lumbermens Mut. Cas. Co. v Beliard,* 256 AD2d 579 [1998]; *Matter of Eagle Ins. Co. v Sadiq,* 237 AD2d 605 [1997]). In opposition, State Farm failed to offer sufficient probative evidence to raise an issue of fact as to whether the Plymouth Voyager was not owned by State Farm's insured at the time of the accident, or alternatively, was not insured by State Farm. Moreover, State Farm failed to submit probative evidence demonstrating facts upon which one could reasonably infer that possession of the Plymouth Voyager by the petitioners' insured was consistent with an intent of an actual transfer of ownership from State Farm's insured to the petitioners' insured (*see Dorizas v Island Insulation Corp.,* 254 AD2d 246 [1998]). Therefore, the Supreme Court properly granted that branch of Progressive's cross motion which was for summary judgment declaring that State Farm is obligated to reimburse Progressive for all sums it had paid and would pay as a result of the underlying automobile accident (*see Matter of Eagle Ins. Co. v Pierre-Louis,* 306 AD2d 344 [2003]).

State Farm's remaining contention is without merit. Miller, J.P., Santucci, Florio and Lifson, JJ., concur.