In an action to recover damages for legal malpractice, (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated January 29, 2007, as upon, in effect, reargument, adhered to an original determination in an order dated March 27, 2006 granting that branch of the motion of the defendants Lindenbaum & Young and Alan H. Young which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) the defendants Pollack & Associates, PLLC, and Ira B. Pollack separately appeal from (a) so much of the same order as upon, in effect, reargument, adhered to an original determination in an order dated March 27, 2006 granting that branch of the motion of the defendants Lindenbaum & Young and Alan H. Young which was for summary judgment dismissing the complaint insofar as asserted against them, and (b) an order of the same court dated February 5, 2007 which granted the motion of Lindenbaum & Young and Alan H. Young pursuant to CPLR 3211 (a) (7) to dismiss their cross claim for contribution and/or indemnification.
Ordered that the appeal by the defendants Pollack & Associates, PLLC, and Ira B. Pollack from the order dated January 29, 2007 is dismissed, as those defendants are not aggrieved by that order (see CPLR 5511); and it is further,
Ordered that the order dated January 29, 2007 is affirmed insofar as appealed from by the plaintiffs; and it is further,
Ordered that the order dated February 5, 2007 is affirmed; and it is further,
Ordered that one bill of costs is awarded to the respondents.
The plaintiffs commenced this action to recover damages for legal malpractice, alleging that the defendants were negligent in representing them in two matters. In the first matter, the plaintiffs were found in contempt for failing to respond to information subpoenas. In the second matter, a default judgment was entered against the plaintiffs in an action to set aside a conveyance of property to them as fraudulent. In an order dated March 27, 2006 the Supreme Court granted the motion of the *646 defendants Lindenbaum & Young and Alan H. Young (hereinafter collectively Young) for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court held, inter alia, that the plaintiffs would be unable to establish that, but for the alleged malpractice of Young, they would have prevailed in either underlying matter. The court also determined that the plaintiffs’ alleged damages were speculative. The plaintiffs appealed from that order but failed to perfect their appeal. Thus, the appeal was dismissed for failure to prosecute same in accordance with the rules of this Court.
The plaintiffs moved, inter alia, for leave to renew their opposition to Young’s motion. In support of such relief, they submitted an affidavit from the plaintiff Bruce Richardson, previously submitted in unsworn form in opposition to the motion. The Supreme Court, in effect, granted reargument, and adhered to its prior determination. In a separate order, the Supreme Court also granted a motion by Young pursuant to CPLR 3211 (a) (7) to dismiss the cross claim of Pollack & Associates, PLLC, and Ira B. Pollack (hereinafter together Pollack).
The branch of the plaintiffs’ motion which was denominated as one for leave to renew was, in actuality, for leave to reargue, as it was not based upon new facts (see CPLR 2221 [e]; Navarette v Alexiades, 50 AD3d 873 [2008]). Rather, the facts set forth in the affidavit of Bruce Richardson were already before the court in other pleadings (cf. Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389 [2008]). Further, although the affidavit provided the only competent evidence in admissible form that Young allegedly advised the plaintiffs not to respond to the information subpoenas, this information would not change the original determination. The order finding the plaintiffs in contempt, which was issued after Young had been replaced by Pollack as counsel, expressly permitted the plaintiffs to purge the contempt by merely supplying the demanded information by stated dates. Thus, the plaintiffs did not demonstrate any damages arising from the alleged negligent advice concerning the subpoenas. Consequently, because the plaintiffs did not demonstrate that the Supreme Court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier determination (see Matter of New York Cent. Mut. Ins. Co. v Davalos, 39 AD3d 654 [2007]), the Supreme Court providently exercised its discretion in adhering to its prior determination (see Matter of New York Cent. Mut. Ins. Co. v Davalos, 39 AD3d 654 [2007]).
Further, the Supreme Court properly dismissed the cross *647 claim of Pollack as against Young for contribution and/or indemnification based upon its original determination that any legal malpractice by Young was not a proximate cause of the plaintiffs’ alleged damages (see Schauer v Joyce, 54 NY2d 1, 5 [1981]; Crimi v Black, 219 AD2d 610 [1995]; Sherman v Ansell, 207 AD2d 537 [1994]). Fisher, J.P., Ritter, Florio and Garni, JJ., concur. [See 14 Misc 3d 1226(A), 2007 NY Slip Op 50185(U).]