█ In the Matter of STATE FARM INDEMNITY Co., Appellant, v TROY MOORE et al., Respondents, and NEW YORK CENTRAL MUTUAL FIRE INSURANCE Co. et al., Proposed Respondents. [872 NYS2d 82]—

Order, Supreme Court, Bronx County (Patricia A. Williams, J.), entered on or about April 28, 2008, which denied the petition brought pursuant CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, unanimously affirmed, without costs.

Respondents Troy Moore and Rashod Cowan sustained injuries in an accident between an automobile owned and operated by Moore and in which Cowan was a passenger, and a vehicle owned by Alnardo Perez. Moore's vehicle was insured by petitioner and records showed that Perez's car was insured by respondent New York Central Mutual Fire Insurance Co. (Central). Central, upon being notified of the accident, commenced an investigation during which it unsuccessfully attempted to contact Perez. Due to Perez's lack of cooperation, Central disclaimed coverage and Moore and Cowan commenced an arbitration proceeding seeking recovery of uninsured motorist benefits.

"When an insured deliberately fails to cooperate with its insurer in the investigation of a covered incident as required by the policy, the insurer may disclaim coverage" (*Matter of New York Cent. Mut. Fire Ins. Co. [Salomon]*, 11 AD3d 315, 316 [2004]). To meet its "very heavy burden" (*id.*), the insurer must establish that it diligently acted in seeking the cooperation of the insured, that its efforts were reasonably calculated to bring about the insured's cooperation, and that the insured's attitude "was one of 'willful and avowed obstruction'" (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967], quoting *Coleman v New Amsterdam Cas. Co.*, 247 NY 271, 276 [1928]). Although it is not required of the insurer to show that the insured openly avowed an intent to obstruct the investigation of the claim, "the facts must support an inference that the failure to cooperate was deliberate" (*Matter of Liberty Mut. Ins. Co. v Roland-Staine*, 21 AD3d 771, 773 [2005]).

The court properly denied the petition to permanently stay the arbitration, as Central provided sufficient grounds for disclaiming coverage. The evidence demonstrates that upon being informed of the subject accident, Central promptly commenced a detailed investigation and diligently followed up on it. In addition to numerous telephone calls being made to the number Perez provided in the subject insurance policy, letters via certified or registered mail were sent to the address provided

by Perez, and Central provided evidence that Perez signed for one of the letters. Furthermore, visits were made to Perez's address and his mother maintained that she did not know his whereabouts. In light of these unsuccessful efforts that were reasonably calculated to obtain Perez's cooperation, the inference that Perez deliberately chose not to cooperate is compelling. Concur—Saxe, J.P., Nardelli, Buckley, Moskowitz and Renwick, JJ.