■ In the Matter of AutoOne Insurance Company, Appellant, v Kenrick Hutchinson et al., Respondents, and Nationwide Mutual Fire Insurance Company, Proposed Additional Respondent, et al., Proposed Additional Respondent. [898 NYS2d 161]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of claims for uninsured motorist benefits, the petitioner appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 13, 2009, as denied, without a hearing, that branch of the petition which was to permanently stay arbitration, and (2) from an order of the same court entered July 20, 2009, which denied its motion, denominated as one for leave to renew and reargue, but which was, in actuality, for leave to reargue.

Ordered that the appeal from the order entered July 20, 2009, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order entered May 13, 2009, is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Westchester County, for an evidentiary hearing to determine whether Nationwide Mutual Fire Insurance Company validly disclaimed coverage of the offending vehicle for the subject accident, and thereafter, for a new determination of that branch of the petition which was to permanently stay arbitration; and it is further,

Ordered that one bill of costs is awarded to the appellant, payable by the respondents-respondents and proposed additional respondent-respondent.

The petitioner AutoOne Insurance Company made a prima facie showing that the offending vehicle was insured by Nationwide Mutual Fire Insurance Company (hereinafter Nationwide) through the submission of a police accident report containing the vehicle's insurance code (see Matter of Continental Ins. Co. v Biondo, 50 AD3d 1034 [2008]; Matter of State Farm Mut. Auto. Ins. Co. v Mazyck, 48 AD3d 580, 581 [2008]; Matter of Mercury Ins. Group v Ocana, 46 AD3d 561, 562 [2007]; Matter of Utica Mut. Ins. Co. v Colon, 25 AD3d 617, 618 [2006]; Matter of AIU Ins. Co. v Nunez, 17 AD3d 668, 669 [2005]; Matter of Lumbermens Mut. Cas. Co. v Beliard, 256 AD2d 579, 580 [1998]).

In opposition to the petition, Nationwide submitted evidence that it had disclaimed coverage for the offending vehicle based

upon its insured's failure to cooperate in the investigation of the subject accident. However, since a disclaimer based upon lack of cooperation penalizes the injured party for the actions of the insured and "frustrates the policy of this State that innocent victims of motor vehicle accidents be recompensed for the injuries inflicted upon them," an insurer seeking to disclaim for noncooperation has a heavy burden of proof (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]; *see Continental Cas. Co. v Stradford*, 11 NY3d 443, 450 [2008]). To sustain its burden of establishing lack of cooperation, the insurer must demonstrate that "it acted diligently in seeking to bring about the insured's co-operation . . . that the efforts employed by the insurer were reasonably calculated to obtain the insure[d]'s co-operation . . . and that the attitude of the insured, after his co-operation was sought, was one of 'willful and avowed obstruction' " (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d at 168, quoting *Coleman v New Amsterdam Cas. Co.*, 247 NY 271, 276 [1928]; *see Matter of State Farm Indem. Co. v Moore*, 58 AD3d 429, 430 [2009]; *Matter of State Farm Mut. Auto. Ins. Co. v Campbell*, 44 AD3d 1059 [2007]; *Matter of Eveready Ins. Co. v Mack*, 15 AD3d 400, 401 [2005]). Here, while Nationwide's disclaimer letter and evidentiary proof that its insured failed to attend an examination under oath were sufficient to raise an issue of fact warranting a hearing, these submissions were insufficient to establish the validity of the disclaimer as a matter of law (*see Matter of Mercury Ins. Group. v Ocana*, 46 AD3d 561, 563; *Matter of Allstate Ins. Co. v Anderson*, 303 AD2d 496, 497 [2003]; *Matter of New York Cent. Mut. Ins. Co. v Davalos*, 39 AD3d 654, 656 [2007]; *Matter of Lumbermens Mut. Cas. Co. v Beliard*, 256 AD2d 579, 580 [1998]). In this regard, we note that Nationwide's letters demanding that its insured appear at an examination under oath made reference to his purported status as a claimant for no-fault benefits, and warned him that the failure to appear could result in the denial of such benefits, despite the fact that there is no indication that the insured was injured in the accident and sought no-fault benefits. Under these circumstances, the Supreme Court should not have determined that Nationwide validly disclaimed coverage without conducting a hearing. Accordingly, we remit this matter to the Supreme Court, Westchester County, for an evidentiary hearing to determine the issue of whether Nationwide validly disclaimed coverage, and thereafter, for a new determination of that branch of the petition which was to permanently stay arbitration. Covello, J.P., Miller, Balkin and Chambers, JJ., concur.