■ In the Matter of VICTORIA SELECT INSURANCE COMPANY, Respondent, v YAMIRA MUNAR, Respondent. GEICO INSURANCE COMPANY et al., Proposed Additional Respondents-Appellants. [914 NYS2d 683]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the proposed additional respondents, GEICO Insurance Company, Patricia Allen, and Timothy Allen, appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Smith, J.), dated March 25, 2010, which granted that branch of the petition which was to permanently stay arbitration of the uninsured motorist claim, and determined that GEICO Insurance Company improperly disclaimed coverage for the subject accident.

Ordered that the order and judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the joinder of the proposed additional respondents, GEICO Insurance Company, Patricia Allen, and Timothy Allen, as necessary parties, for a hearing to determine whether GEICO Insurance Company properly disclaimed coverage for the subject accident, and for a new determination thereafter of that branch of the petition which was to permanently stay arbitration.

A vehicle owned and operated by Yamira Munar, and insured by Victoria Select Insurance Company (hereinafter Victoria), was struck in the rear by a vehicle owned by Timothy Allen, operated by Patricia Allen, and insured by GEICO Insurance Company (hereinafter GEICO). Munar submitted a bodily injury claim to GEICO, and GEICO denied the claim. Munar then requested uninsured motorist arbitration with Victoria, and Victoria commenced this proceeding, inter alia, to permanently stay arbitration. The Supreme Court determined that GEICO improperly disclaimed coverage for the subject accident and granted that branch of the petition which was to permanently stay arbitration.

The documents submitted by the parties raised issues of fact as to whether GEICO properly disclaimed coverage for the subject accident. Therefore, the Supreme Court erred in

determining, without the joinder of GEICO, Patricia Allen, and Timothy Allen, and without conducting a hearing, that GEICO improperly disclaimed coverage for the subject accident (*see Matter of New York Cent. Mut. Ins. Co. v Davalos*, 39 AD3d 654, 656 [2007]; *Matter of New York Cent. Mut. Fire Ins. Co. v Hall*, 7 AD3d 629, 630 [2004]; *Matter of Allstate Ins. Co. v Anderson*, 303 AD2d 496, 497-498 [2003]; *Matter of New York Cent. Mut. Fire Ins. Co. [Rozenberg]*, 281 AD2d 330 [2001]; *Matter of Nationwide Ins. Co. v Sillman*, 266 AD2d 551 [1999]; *Matter of Eagle Ins. Co. v Sadiq*, 237 AD2d 605 [1997]; *Matter of Eagle Ins. Co. v Natilishvili*, 248 AD2d 470 [1998]). Accordingly, upon remittal, the Supreme Court must direct the joinder of GEICO, Patricia Allen, and Timothy Allen as necessary parties, conduct a hearing to determine whether GEICO properly disclaimed coverage for the subject accident, and then determine anew that branch of the petition which was to permanently stay arbitration. Prudenti, P.J., Angiolillo, Florio and Sgroi, JJ., concur.