Matter of Hereford Ins. Co. v McKoy (2018 NY Slip Op 02466)





Matter of Hereford Ins. Co. v McKoy


2018 NY Slip Op 02466


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-05535
 (Index No. 504025/14)

[*1]In the Matter of Hereford Insurance Company, appellant, 
v
Jamal McKoy, et al., respondents- respondents, et al., U-Haul International, Inc., proposed additional respondents-respondents, et al., proposed additional respondent.


Lawrence R. Miles (Rubin, Fiorella & Friedman LLP, New York, NY [Harlan R. Schreiber], of counsel), for appellant.
Nicoletti Gonson Spinner LLP, New York, NY (Kevin Pinter and Benjamin N. Gonson of counsel), for proposed additional respondents-respondents.



DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Hereford Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Debra Silber, J.), dated April 14, 2016, as, in effect, denied those branches of the petition which were to temporarily stay arbitration of the uninsured motorist claim pending a framed-issue hearing, for joinder of the proposed additional respondents U-Haul International, Inc., U-Haul of Flatbush, and Repwest Insurance Company, and for a permanent stay of arbitration, and dismissed the proceeding.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the petition is reinstated, those branches of the petition which were to temporarily stay arbitration of the uninsured motorist claim pending a framed-issue hearing and for joinder of the proposed additional respondents U-Haul International, Inc., U-Haul of Flatbush, and Repwest Insurance Company are granted, and the matter is remitted to the Supreme Court, Kings County, for a framed-issue hearing to determine whether a disclaimer of coverage issued to Darryl C. Philbert was timely and valid, and a new determination thereafter of that branch of the petition which was for a permanent stay of arbitration.
On September 14, 2011, the respondents Jamal McKoy, Monique R. Dickson, and Anise C. Stevens were passengers in a vehicle which was owned by Anocles Lexius and insured by the petitioner Hereford Insurance Company (hereinafter HIC). That vehicle was struck in the rear by a rental van (hereinafter the subject van) which had been rented by the proposed additional respondent Darryl C. Philbert from the proposed additional respondent U-Haul of Arizona, incorrectly sued herein as U-Haul of Flatbush (hereinafter UHAZ). McKoy, Dickson, and Stevens commenced an action against Lexius, Philbert, and UHAZ to recover damages for personal injuries they allegedly sustained as a result of the accident (hereinafter the underlying personal injury action). After an answer was served on behalf of Philbert, the proposed additional respondent Repwest Insurance Company (hereinafter Repwest), which handled claims on behalf of UHAZ, which was [*2]self-insured, sent a letter to Philbert disclaiming coverage due to his purported failure to cooperate in its investigation of the accident.
Subsequently, in April 2014, McKoy, Dickson, and Stevens served a notice for an uninsured motorist arbitration upon HIC. In May 2014, HIC commenced this proceeding, inter alia, to permanently stay the arbitration or, in the alternative, to temporarily stay the arbitration for a framed-issue hearing to determine whether the subject van was insured at the time of the accident. The petition also sought to join Philbert, Repwest, UHAZ, and U-Haul International, Inc. (hereinafter UHI), as additional respondents. Repwest, UHI, and UHAZ opposed the petition, on the ground, among others, that UHAZ had disclaimed coverage for the subject accident due to Philbert's non-cooperation.
While this proceeding was pending, Repwest, UHAZ, and another corporate entity commenced a separate action against Philbert, as a defendant, and Lexius, McKoy, Dickson, and Stevens, as nominal defendants, seeking declarations that they were not required to defend and indemnify Philbert with respect to the underlying personal injury action, and that they had no duty to afford coverage for any claims arising out of the subject accident. Repwest and UHAZ moved for and were granted a default judgment in the declaratory judgment action. Repwest, UHI, and UHAZ then submitted further papers in this proceeding opposing the petition based on the order granting a default judgment in the declaratory judgment action.
In the order on appeal, the Supreme Court, among other things, in effect, denied those branches of the petition which were for a temporary stay of the uninsured motorist arbitration pending a framed-issue hearing, for the joinder of Repwest, UHI, and UHAZ as additional respondents, and for a permanent stay of the uninsured motorist arbitration, and dismissed the proceeding. HIC appeals.
Initially, HIC contends that since the determination in the declaratory judgment action was decided on default, the Supreme Court improperly applied the doctrine of collateral estoppel in denying that branch of the petition which sought to join Repwest, UHI, and UHAZ as additional respondents. We agree. "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704, citing Kaufman v Eli Lilly & Co., 65 NY2d 449, 456). "If the issue has not been litigated, there is no identity of issues between the present action and the prior determination" (Kaufman v Eli Lilly & Co., 65 NY2d at 456). In this case, since the determination in the declaratory judgment action regarding insurance coverage for the subject van was decided on default and, thus, was not actually litigated (see Kaufman v Eli Lilly & Co., 65 NY2d at 456-457; Douglas Elliman, LLC v Silver, 143 AD3d 752, 755), Repwest, UHI, and UHAZ failed to demonstrate that there was an identity of issues between the present proceeding and the determination in the declaratory judgment action.
" The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay'" (Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1002-1003, quoting Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336; see Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865; Matter of Farmers Ins./Truck Ins. Exch. v Terzulli, 112 AD3d 628, 628). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d at 865; see Matter of Hertz Corp. v Holmes, 106 AD3d at 1003; Matter of Metropolitan Prop. & Cas. Ins. Co. v Singh, 98 AD3d 580, 581).
Here, the documents submitted by HIC in support of the petition demonstrated the existence of sufficient evidentiary facts to establish a preliminary stay. HIC made a prima facie showing that the subject van had insurance coverage at the time of the accident through UHAZ, which was self insured, by submitting, among other things, a police accident report showing that the subject van was owned by UHAZ. HIC also submitted a copy of its own policy, including the uninsured motorist endorsement (see Matter of Mercury Ins. Group v Ocana, 46 AD3d 561, 562).
In opposition to the petition, Repwest, UHI, and UHAZ submitted evidence that coverage for the subject van had been disclaimed based upon Philbert's failure to cooperate in the investigation of the subject accident. In order to establish a proper disclaimer based on an insured's alleged noncooperation, an insurer must demonstrate that "it acted diligently in seeking to bring about its insured's cooperation, that its efforts were reasonably calculated to obtain its insured's cooperation, and that the attitude of its insured, after the cooperation of its insured was sought, was one of wilful and avowed obstruction'" (Matter of State-Wide Ins. Co. v Luna, 68 AD3d 882, 883, quoting Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 168; see Matter of AutoOne Ins. Co. v Hutchinson, 71 AD3d 1011, 1013). The burden of proving lack of cooperation is a "heavy one," and is on the insurer (Thrasher v United States Liab. Ins. Co., 19 NY2d at 168). Here, the disclaimer letter and an affirmation from the attorney assigned by Repwest to represent Philbert in the underlying personal injury action demonstrated that Philbert had not made contact with either Repwest or the attorney as of the date of the disclaimer letter. While these submissions by Repwest, UHI, and UHAZ did not establish that the disclaimer was valid and timely as a matter of law, they were sufficient to raise a triable issue of fact (see Matter of Victoria Select Ins. Co. v Munar, 80 AD3d 707, 707-708; Matter of Mercury Ins. Group v Ocana, 46 AD3d at 563; Matter of New York Cent. Mut. Ins. Co. v Davalos, 39 AD3d 654, 656; Matter of New York Cent. Mut. Fire Ins. Co. v Hall, 7 AD3d 629, 630; Matter of Allstate Ins. Co. v Anderson, 303 AD2d 496, 497-498). Consequently, the Supreme Court should have conducted a framed-issue hearing on the validity and timeliness of the disclaimer before rendering a determination on the petition, and should have joined Repwest, UHI, and UHAZ as additional respondents (see Matter of New York Cent. Mut. Ins. Co. v Davalos, 39 AD3d at 656; Matter of New York Cent. Mut. Fire Ins. Co. v Hall, 7 AD3d at 630; Matter of Allstate Ins. Co. v Anderson, 303 AD2d at 497-498).
The remaining contentions of Repwest, UHI, and UHAZ are improperly raised for the first time on appeal, and thus are not properly before this Court (see Rayham v Multiplan, Inc., 153 AD3d 865, 867; Yong U Lee v Huan Wen Zhang, 133 AD3d 651, 652).
Accordingly, we remit this matter to the Supreme Court, Kings County, for a framed-issue hearing to determine whether insurance coverage for the subject van was validly and timely disclaimed, and for a new determination thereafter of that branch of the petition which was for a permanent stay of arbitration.
AUSTIN, J.P., ROMAN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court