Matter of Government Employees Ins. Co. v Escoto (2019 NY Slip Op 09265)





Matter of Government Employees Ins. Co. v Escoto


2019 NY Slip Op 09265


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-07338
 (Index No. 515011/17)

[*1]In the Matter of Government Employees Insurance Company, petitioner-respondent, 
v
Felix Escoto, respondent, North Carolina Farm Bureau Insurance Group, et al., appellants.


Mintzer Sarowitz Zeris Ledva Meyers, LLP, New York, NY (Peter A. Frucchione of counsel), for appellants.
Gail S. Lauzon (Russo & Tambasco, Melville, NY [Susan J. Mitola and Andrew Weber], of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the proposed additional respondents North Carolina Farm Bureau Insurance Group and Charles Roberts, Jr., appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated April 3, 2018. The order, insofar as appealed from, granted those branches of the petition which were for leave to join Charles Roberts, Jr., as an additional respondent to the proceeding and to temporarily stay the arbitration of the uninsured motorist claim pending a framed-issue hearing, and denied that branch of the motion of the proposed additional respondents North Carolina Farm Bureau Insurance Group and Charles Roberts, Jr., which was pursuant to CPLR 3211(a)(8) to dismiss the petition insofar as asserted against Charles Roberts, Jr., for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 28, 2016, Felix Escoto allegedly was injured in a motor vehicle accident when, while operating his vehicle, it was struck in the rear by another vehicle in Brooklyn. The other vehicle left the scene. However, Escoto took a photograph of a North Carolina-issued license plate which was on the vehicle purportedly involved in the accident. Escoto provided that license plate number to the police officer who responded to the scene of the accident. The responding police officer recorded the plate number provided by Escoto and information concerning the make and type of the vehicle related to that plate number in the police accident report.
On the date of the accident, Escoto's vehicle was insured by a policy issued by the petitioner, Government Employees Insurance Company (hereinafter GEICO). The policy included a supplementary uninsured/underinsured motorists endorsement. Using the plate number listed in the police accident report, GEICO performed a plate search of the North Carolina Department of [*2]Motor Vehicles records and determined that the other vehicle, a 2014 Cadillac, was owned by the proposed additional respondent Charles Roberts, Jr., and insured by the proposed additional respondent North Carolina Farm Bureau Insurance Group (hereinafter Farm Bureau) on the date of the subject accident. Roberts denied any involvement in the accident. Thereafter, Farm Bureau denied Escoto's bodily injury claim which he had submitted to Farm Bureau against its policy issued to Roberts. Subsequently, Escoto demanded arbitration of his claim for uninsured motorist benefits from GEICO.
GEICO commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of the uninsured motorist claim, or, in the alternative, to temporarily stay the arbitration pending a framed-issue hearing on the issue of whether the other vehicle involved in the subject accident was "uninsured" on the date of the accident. GEICO's petition also sought leave to join Roberts and Farm Bureau as additional respondents. In support of its petition, GEICO submitted, inter alia, a copy of the police accident report and the results of its license plate search.
Roberts and Farm Bureau moved pursuant to CPLR 3211(a)(8) to dismiss the petition insofar as asserted against them. They maintained that New York did not have jurisdiction over them since Farm Bureau was a North Carolina company not authorized to do business in New York and Roberts was a North Carolina resident who was not involved in the happening of the subject accident.
The Supreme Court granted those branches of the petition which were to join Roberts as an additional respondent and to temporarily stay the arbitration pending a framed-issue hearing on the issue of whether the vehicle owned by Roberts was involved in the subject accident and whether that vehicle was "uninsured" on that date. The court also denied that branch of the motion of Farm Bureau and Roberts which was to dismiss the petition insofar as asserted against Roberts for lack of personal jurisdiction. Farm Bureau and Roberts appeal.
"The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336; see Matter of Metropolitan Prop. & Cas. Ins. Co. v Singh, 98 AD3d 580, 581). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865). Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine that issue in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination (see Matter of Allstate Ins. Co. v Aizin, 102 AD3d 679, 681).
Here, the documents submitted by GEICO in support of the petition demonstrated the existence of sufficient evidentiary facts to establish a preliminary issue justifying a temporary stay (see Matter of Hereford Ins. Co. v McKoy, 160 AD3d 734, 736; Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1003; cf. Matter of Victoria Select Ins. Co. v Munar, 80 AD3d 707, 707-708). Through, inter alia, the police accident report and the results of the license plate search for the plate number provided by Escoto, GEICO made a prima facie showing that the other vehicle involved in the subject accident was Roberts's vehicle and that Roberts's vehicle had insurance coverage with Farm Bureau (see Matter of Hereford Ins. Co. v McKoy, 160 AD3d at 736; see also Matter of Allstate Ins. Co. v Deleon, 159 AD3d 895, 896-897).
In opposition, Farm Bureau and Roberts raised questions of fact as to whether Roberts's vehicle was involved in the subject accident and whether Roberts was a nonresident at the time of the accident rendering his vehicle an "uninsured motor vehicle" within the meaning of Insurance Law article 52 (see Matter of Allstate Ins. Co. v Martinez, 140 AD3d 743, 744-745; cf. Matter of Allstate Ins. Co. v Vitello, 35 AD3d 459, 460). For the same reasons that the court properly granted those branches of the petition which were for leave to join Roberts as an additional respondent to the proceeding and to temporarily stay the arbitration pending a framed-issue hearing, the court properly denied that branch of the motion which was to dismiss the petition insofar as asserted against Roberts for lack of personal jurisdiction.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the petition which were to temporarily stay arbitration and for leave to join Roberts as an additional respondent and to deny that branch of the motion which was to dismiss the petition insofar as asserted against Roberts for lack of personal jurisdiction.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court